[S. F. No. 15205.   In Bank.—January 31, 1935.]

INDEPENDENCE INDEMNITY COMPANY, by E. FORREST MITCHELL, Insurance Commissioner, etc., and Liquidator, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and J. MINTON MEHERIN, M. D., Respondents.

Redman, Alexander & Bacon, Frank L. Guerena and R. P. Wisecarver for Petitioner.

Everett A. Corten for Respondents.

CURTIS, J.—Petition to review and annul an award of the Industrial Accident Commission. R. G. Harrol, the employee, was injured on February 24, 1933, when a spike pierced his thigh. He was employed at the time as an engineer at Yerba Buena Island, California, by Healy-Tibbetts Construction Company. The injury, although it did not cause temporary disability beyond the waiting period of seven days, required medical attention, and this care was authorized by the employer. The employee was treated by Dr. J. Minton Meherin, and a bill of $7.15 was incurred. The Independence Indemnity Company was the insurance carrier of the employer at the time of the injury. This company was reinsured with the International Re-Insurance Corporation. Both these companies subsequently went into receivership. Dr. J. Minton Meherin filed an application for an adjustment of the claim with the Commission on July 1, 1933, naming as defendants therein Healy-Tibbetts Construction Company, the Independence Indemnity Company, and R. G. Harrol, the injured employee. The case was set down for hearing by the Commission, and notice of the hearing was served on all the parties by mail, the notice to R. G. Harrol being mailed to him, care of Dr. J. Minton Meherin, at Dr. Meherin's office address, as his last-known address. The employee did not appear before the Commission at the hearing, and no communications were received from him. The jurisdictional facts, that the injury arose out of and occurred during the course of his employment, were established by the testimony of Dr. Meherin's secretary, who had taken the case history from the injured employee at the time of his treatment, and by the report of the accident by the employer to the insurance company. In addition, there was filed by Dr. Meherin an attending physician's report, which stated the nature of the injury and the treatment. At the hearing the referee joined as a party defendant the International Re-Insurance Corporation. An award was made by the Commission in favor of the injured employee, R. G. Harrol, against the Independence Indemnity Company and International Re-Insurance Corporation for the sum of $7.15 for medical expense, payable by way of lien directly to J. Minton Meherin.

This is a companion case to the case of *Independence Indemnity Co., etc., v. Industrial Acc. Com.*, S. F. No. 15206 (*ante*, p. 397 [41 Pac. (2d) 320]), this day decided.

The objection was made here, as it was made there, that in the absence of the filing of an application for an adjustment of claim by the injured employee, the Commission was without jurisdiction to make an award against the employer and the insurance carrier in favor of the injured employee and impose thereon a lien in favor of a doctor furnishing medical services to such employee. We have held in the case of *Independence Indemnity Co., etc.,* v. *Industrial Acc. Com., supra,* that the doctor lien claimant was entitled as a party in interest to initiate such proceedings before the Commission; that the employee having been named in said application as a party and served with notice as prescribed by the rules and regulations of the Commission, was a party to said proceeding; that the Commission was acting within the scope of its jurisdiction in making an award in favor of the injured employee and imposing thereon a lien in favor of the doctor; and that, therefore, said award, so made, was a valid award. In that case the employee, in response to a letter of inquiry from the Commission, written after the hearing had been held, wrote to the Commission asking to be joined in said proceeding. We held that the sending of the letter by the employee to the Commission was, in fact, immaterial as the employee was already properly a party, having been named as a defendant and served with the notice after the manner prescribed by the Commission. ▪ Although the notice to the injured employee in this case was mailed to the office and in the care of the doctor who filed the application with the Commission, in the absence of any showing that this was not the last-known address of said employee, and having in mind the fact that the notice was given by the Commission itself, and the presumption attaches that the Commission properly performed its duty, it must be held, we think, that the injured employee was a party to the proceedings, and the award made by the Commission in his favor for the cost of medical services rendered him, and the imposing of a lien thereon in favor of the doctor rendering such medical services, was a valid award.

The award so made is affirmed.

Preston, J., Shenk, J., Waste, C. J., and Langdon, J., concurred.

Thompson, J., deeming himself disqualified, did not participate herein.