[S. F. No. 7551. In Bank.—July 14, 1916.]

FRANKFORT GENERAL INSURANCE COMPANY (a Corporation), Petitioner, v. A. J. PILLSBURY et al., as Members of and Constituting the Industrial Accident Commission of the State of California, Respondents.

Workmen's Compensation Act—Consideration of Evidence by Industrial Accident Commission — Stipulation of Facts.—Under section 24, subdivision b, of the Workmen's Compensation Act, the Industrial Accident Commission, in making its award of compensation, is not limited to a consideration of the facts embodied in a stipulation of the parties, but may take other evidence and base its award thereon.

Id.—Measure of Disability—Ability of Employee to Work.—The ability of a workman, after an accident, to do the exact work for which he had been employed at the time of the injury, is not the sole measure of disability. Under section 15, subdivision 2 [7], of the Workmen's Compensation Act, in determining the percentages of permanent disability, account may be taken of the nature of the physical injury or disfigurement and the workman's age.

Id.—Conclusion of Commission on Percentage of Disability.—The conclusion of the Industrial Accident Commission on such matter is the determination of a question of fact, and is not subject to review by the courts unless palpably contrary to the undisputed evidence.

Id.—Average Annual and Daily Earnings—"Days When Employed."—Under section 17a (1) of the Workmen's Compensation Act, basing the annual earnings of an injured employee upon the average daily earnings "which he earned as such employee during the days when so employed," the phrase the "days when so employed" refers to the number of days during which the employee was actually engaged in work, and not to the number of working days during which he might have worked or might have been expected to work.

Id.—Findings of Commission.—The commission is not required to make specific findings upon probative matters. Findings of the ultimate facts in controversy are sufficient.

Id.—Certiorari to Review Award—Rejection of Evidence.—On certiorari to review an award of the Industrial Accident Commission, alleged errors in the refusal of the commission to permit a witness to answer certain questions cannot be reviewed.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Gavin McNab, and Oliver B. Wyman, for Petitioner.

Christopher M. Bradley, for Respondents.

SLOSS, J.—*Certiorari* to review an award of the accident commission allowing compensation to Thomas Immel for injuries received while in the employ of the American Beet Sugar Company. The petitioner is the insurance carrier, and was substituted for the employer.

Immel was a carpenter and cabinet-maker and had been employed by the sugar company in its factory at Oxnard for some years. His injury consisted in the loss of the greater part of the index finger of the left hand. That the facts proven and found make out a case of liability under the terms of the act is not questioned. The main controversy turns on the amount of the award.

The case is one of partial permanent disability. The commission found that the percentage of disability was twenty and one-fourth per cent, and in accordance with the provisions of section 15, (b) 2, (6), and (7), of the Workmen's Compensation Act made an award of sixty-five per cent of Immel's average weekly earnings for a period of eighty-one weeks. The average weekly earnings were found to be $23.55 and the total amount of the award was $1,239.30.

The proceeding was twice heard by the commission, a rehearing having been granted after the first award. Following the rehearing the original award was confirmed.

Upon the first hearing the application was submitted upon a written stipulation of the parties. This stipulation stated, among other things, that Immel was sixty-five years of age; that in consequence of the injury his finger had been amputated between the knuckle and the proximal joint; that he had returned to work twenty-six days after the accident, having lost twenty days of working time. The stipulation further stated "that his main trouble through the loss of the finger is that he has not yet become used to using his second finger to pick up small things instead of the first finger. That so far as he knows he is able to do as much work as he did before he was hurt, in the course of a day's work. That there is no difference in the quality of his work since he was hurt,

and that he does just as good work as he did before he lost the finger. That the only trouble he has at this time is that the stump pains him at times and is tender, and, as stated before, that he has some difficulty in picking up small articles. That he receives forty cents an hour, which is the same rate at which he was paid before he was hurt."

The return shows that the commission has had prepared for its guidance in cases of partial disability a "schedule for rating permanent disability," and that this schedule, which is not set forth in the record, is taken by the commission as furnishing a *prima facie* guide in determining the percentage of disability. It was, apparently, so used in this case.

There is no occasion to give particular attention to the proceedings upon the first hearing, since a rehearing was granted and the final award was based upon the showing subsequently made.

It is argued that the finding that the disability amounted to twenty and one-fourth per cent is contrary to the evidence, in that it conflicts with the facts admitted by the stipulation of the parties, and great stress is laid upon the fact that this stipulation declares that Immel was able to do as much and as good work after as before the accident. But under the act the commission is not bound to make its award upon the basis of the stipulation alone. Section 24, subdivision b, after authorizing the parties to stipulate to the facts, declares that "the commission may thereupon make its findings and award based upon such stipulation, or may in its discretion set the matter down for hearing and take such further testimony or make such further investigations as may be necessary to enable it to completely determine the matter in controversy." In this case further testimony was taken. The ability of the workman to do the exact work for which he had been employed at the time of the injury is not the sole measure of disability. "In determining the percentages of permanent disability, account shall be taken of the nature of the physical injury or disfigurement, the occupation of the injured employee and his age at the time of such injury." (Workmen's Compensation Act, sec. 15, subd. 2 [7]. Even if it be conceded that the facts stipulated may not be controverted, the evidence tended to show that Immel's ability to do some lines of work incident to his trade as carpenter and cabinet-maker would be seriously impaired by his injury. Furthermore, the commission was

under the provision last quoted authorized to take into account the nature of the physical injury or disfigurement and the workman's age. The circumstance that he was sixty-five years of age, and therefore less able than a younger man to adapt himself to new conditions, was developed in the testimony, and was a proper matter for consideration. The extent of disability occasioned by an injury is not capable of exact measurement. The percentage of such disability is a matter to be determined by the commission in the exercise of its sound discretion, based upon a fair view of all of the circumstances. Its conclusion on this matter is the determination of a question of fact, and is not subject to review by the courts unless palpably contrary to the undisputed evidence. We cannot say that the finding that Immel's injury caused a permanent disability of twenty and one-fourth per cent is contrary to the evidence.

The petitioner claims that the commission improperly computed the average weekly earnings of the applicant. It appears from the stipulation that Immel was paid at the rate of forty cents per hour, and that he was working six days a week at the time of the injury. During the year preceding his injury he had earned $1,155.20. Section 17a of the act provides as follows:

"The average weekly earnings referred to in section fifteen hereof shall be one fifty-second of the average annual earnings of the employee; in computing such earnings his average annual earnings shall be taken at not less than three hundred and thirty-three dollars and thirty-three cents, nor at more than one thousand six hundred and sixty-six dollars and sixty-six cents and between said limits shall be arrived at as follows:

"(1) If the injured employee has worked in the same employment, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily earnings, wage or salary which he earned as such employee during the days when so employed."

The commission arrived at the average daily earnings by dividing $1,155.20, Immel's total earnings for the preceding year, by 283, the number of days during which he actually worked. The petitioner contends that the average daily earnings should have been computed by dividing his earnings for the year by 312, the number of working days in the year.

Section 17a (1) bases the annual earnings upon the average daily earnings "which he earned as such employee during the days when so employed." The petitioner argues that "the days when so employed" means the number of working days during which he might have worked or might have been expected to work. The respondents, on the other hand, claim that the phrase refers to the number of days during which the employee was actually engaged in work. We think the latter is the fair and reasonable interpretation of the language used. The basis of computation is the individual day upon which the workman is employed in the year during which he may have been in the employment. For this purpose each day stands by itself, and his average daily wage is the average for the year, figuring the number of days on which he earned wages. To the argument that this would produce an unjust result where the employee worked only two or three days a week, it may be said that the provision of the statute deals only with cases where the employee has worked "during *substantially* the whole of the year." It may well be questioned whether an employment which falls far short of the normal number of working days is an employment during substantially the whole of a given period.

The commission found the ultimate facts in controversy. It was not required to make specific findings upon probative matters. (*Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, 705, [151 Pac. 398, 10 N. C. C. A. 1].)

After the commission had granted a rehearing, it appointed a referee to take testimony. At the hearing before this referee, one of the witnesses called was an employee of the commission whose duties were connected with the "permanent disability rating department" of the commission. This witness, after testifying that he had assisted in compiling the "schedule for rating permanent disabilities" above referred to, was asked regarding inquiries made by him in reaching his conclusions regarding the percentage of disability in a case like the one before us. He testified that he had questioned many contractors and carpenters, and had obtained certain information from them. The referee declined to permit the petitioner to draw from the witness, on cross-examination, the names of the persons whom he had questioned. This ruling is made a ground of attack upon the award. Without in any way approving the action of the referee in thus restricting the cross-

examination, we think the objection made is not available in the present proceeding. The refusal to permit certain questions to be answered is a mere error in the taking of testimony. Such errors cannot be reached by a writ of *certiorari.* The act itself (section 77) provides that the commission and referees appointed by it shall not be bound by the technical rules of evidence, and that "no informality in any proceeding or in the manner of taking testimony shall invalidate any order, decision, award, rule or regulation made, approved or confirmed by the commission." The grounds of review specified in section 84 of the act do not include matters like the one under discussion.

Counsel for petitioner have raised certain constitutional objections to the Workmen's Compensation Act, but in view of our own recent decisions these matters do not require particular notice.

The award is affirmed.

Shaw, J., Henshaw, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.