[S. F. No. 8517. In Bank.—March 20, 1918.]

EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF ENGLAND (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—INJURY TO WORKMAN ON SHIP—ADMIRALTY JURISDICTION.—The maritime jurisdiction does not extend to claims arising out of work done in the construction of a ship prior to the launching of the hull.

ID.—JURISDICTION—CONFERRING BY CONSENT—STIPULATING EXISTENCE OF FACTS ON WHICH JURISDICTION DEPENDS.—Jurisdiction of the subject matter cannot be conferred by consent, but the parties may

stipulate to the existence of facts which bring a case within the jurisdiction of the commission.

ID.—LANGUAGE OF STIPULATION CONSTRUED.—Where in a proceeding before the Industrial Accident Commission the parties expressly conceded by stipulation, "That the employment that said employee was engaged in . . . was such as to subject both the employer and the employee to the compensation provisions of the Workmen's Compensation, Insurance and Safety Act, and to the jurisdiction of this commission," the specific facts admitted or proven should, so far as reasonably can be done, be interpreted so as to support the concession.

ID.—STIPULATION AS TO PLACE OF WORK.—A stipulation that an employee was injured "while working on a ship" and that he met his injuries "on the Oakland Estuary" is consistent with the possibility that the ship may have been in course of construction and not yet launched, and does not necessarily mean that the ship was floating on the water, the language being not inappropriate to describe a position on the bank of the estuary.

ID.—JURISDICTION OF COMMISSION—DEFENSE BY INSURANCE CARRIER—BREACH OF WARRANTY BY EMPLOYER.—Where in a proceeding before the Industrial Accident Commission, against an employer and the insurance carrier, the latter sets up in its answer the defense that there had been a breach on the part of the employer of certain warranties contained in the policy and that upon learning of such breach the insurance company had canceled the policy, jurisdiction to determine the issues involved in such defense is not restricted to a court of law in an action upon the policy, but the Industrial Accident Commission has jurisdiction to pass upon them; having jurisdiction to make an award against an insurance carrier, it has power to determine all questions of law and fact upon which the liability of the alleged insurance carrier depends.

ID.—JURISDICTION LIMITED.—The Industrial Accident Commission is a tribunal of limited jurisdiction, whose powers do not extend beyond the "settlement of disputes arising under the legislation contemplated by" section 21 of article XX of the constitution.

ID.—CONSTRUCTION OF SECTION 21, OF ARTICLE XX, OF THE CONSTITUTION—LIBERAL INTERPRETATION.—The language of that portion of section 21 of article XX of the constitution, which authorizes the legislature to "create and enforce a liability on the part of all employers to compensate their employees for any injury incurred by the said employees in the course of their employment, . . . " is to be read in the light of a liberal interpretation, and permitting the employer to limit his obligation by procuring an insurer—private or governmental—to assume the burden of payment, and, at the same time, giving the workman a direct right of recovery against the insurer, is a mode of defining the extent of the em-

ployer's liability, and, therefore, embraced within the power to "create and enforce" such liability.

ID.—INSURANCE—WARRANTY—STATEMENT IN APPLICATION REGARDING OTHER INSURANCE.—Under section 2605 of the Civil Code, a "statement of particulars" furnished to the insurer, "that no company had canceled or refused to issue workmen's insurance in connection with the risk during the past three years, did not constitute a warranty, the statement not being "contained in the policy itself" or in "another instrument signed by the insured, and referred to in the policy as making a part of it."

ID.—FALSE REPRESENTATIONS.—Under section 2611 of the Civil Code such representations, even though untrue, would not affect the validity of the insurance unless the representation was material.

ID.—MATERIALITY OF REPRESENTATION—BURDEN OF PROOF.—The burden of proving the materiality of an alleged representation is on the insurer.

ID.—ABSENCE OF FINDING ON ISSUE NOT PRESENTED—UNNECESSARY FINDING.—Neither the absence of a finding on an issue not presented nor an unnecessary finding impairs the sufficiency of findings made.

APPLICATION for Writ of Review directed against the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioner.

Christopher M. Bradley, for Respondents.

SLOSS, J.—While working as a ship-joiner, Charles F. Mann sustained injuries which resulted in his death. Upon the application of his widow, the Industrial Accident Commission made an award of compensation against J. A. Johnson, as employer, and Employers' Liability Assurance Corporation, as insurance carrier. Upon the petition of the Insurance Company, a writ of *certiorari* was issued to review the award.

At the hearing the parties stipulated, among other things: "2. That the employment that said employee was engaged in . . . was such as to subject both the employer and the employee to the compensation provisions of the Workmen's Compensation, Insurance and Safety Act and to the jurisdiction of this commission. 3. That on March 9, 1917, Charles F. Mann met with injuries on the Oakland Estuary,

in Alameda County, California, and that said Charles F. Mann died on May 14, 1917." The application alleged that, at the time of his injury, Mann was engaged in work on a ship.

By its petition to the commission for rehearing the petitioner advanced, for the first time, the contention that the claim of the applicant was maritime in character, and that, under the decision of the United States supreme court in *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, [Ann. Cas. 1917E, 900, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524], handed down while the proceeding was pending, the commission was without jurisdiction. A rehearing was denied, and the point is again presented here. But the record does not disclose a state of facts to which the rule invoked is applicable. The maritime jurisdiction does not extend to claims arising out of work done (prior, at least, to the launching of the hull) in the construction of vessels. (*Olsen* v. *Birch & Co.*, 133 Cal. 479, [85 Am. St. Rep. 215, 65 Pac. 1032].) While it appears that Mann was injured while working on a ship, the stipulation and the evidence are entirely consistent with the possibility that the ship may have been in course of construction, and not yet launched. The statement in the stipulation that Mann met with injuries "on the Oakland Estuary" does not necessarily mean that the ship on which he was working was floating on the water. The language was not inappropriate to describe a position on the bank of the estuary. Since the parties expressly conceded the jurisdiction of the commission, the specific facts admitted or proven should, so far as can reasonably be done, be interpreted so as to support the concession. It is recognized, of course, that jurisdiction of the subject matter cannot be conferred by consent. But the parties may stipulate to the existence of facts which bring a case within the jurisdiction of the commission, and we think the stipulation in this case is fairly to be read as an agreement that such facts existed.

The insurance carrier set up in its answer the defense that there had been a breach, on the part of Johnson, the employer, of certain warranties contained in the policy, and that upon learning of such breach the Insurance Company had canceled the policy. It is argued that the issues involved in this defense were such as could be determined only by a court of law in an action upon the policy, and that the com-

mission was without jurisdiction to pass upon them. We do not agree to this contention. The Industrial Accident Commission is, no doubt, a tribunal of limited jurisdiction. Its powers do not extend beyond the "settlement of any disputes arising under the legislation contemplated by" section 21 of article XX of the constitution. (*Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407, 410, [Ann. Cas. 1917E, 390, 156 Pac. 491].) That section authorizes the legislature to "create and enforce a liability on the part of all employers to compensate their employees for any injury incurred by the said employees in the course of their employment. . . ." This court is committed to the view that the language just quoted is to be read in the light of a liberal interpretation. A scheme of insurance, for the protection both of the employer and the employee, has been a part of virtually every workmen's compensation statute enacted in other jurisdictions prior to the adoption of our own constitutional provision. To permit the employer to limit his obligation by procuring an insurer—private or governmental—to assume the burden of payment, and, at the same time, to give the workman a direct right of recovery against the insurer, is, we think, a mode of defining the extent of the employer's liability, and therefore embraced within the power to "create and enforce" such liability. The insurer, assuming the risk voluntarily, is in privity with the employer, and stands in his place. An adjudication of liability under the policy is a settlement of a dispute arising out of the liability of the employer to his employee. The right of the commission to make an award against the insurer, where the validity of the policy is conceded, has never been-questioned. If the commission may, in any case, make an award against one who has agreed to stand in the employer's place and protect him against claims by his employees, it must have the power to determine all questions of law and fact upon which the liability of the alleged insurance carrier depends. To hold that the mere denial of the binding force of a policy deprives the commission of jurisdiction would introduce endless and unnecessary complications and difficulties into the administration of the law.

The petitioner argues, finally, that, granting the commission's jurisdiction, the facts were such as to force the conclusion that the policy was not binding. In the application

or "statement of particulars" furnished to the insurer, it was stated that no company had canceled or refused to issue workmen's compensation insurance in connection with the risk during the past three years, and that no company had insured the risk except the "Hartford" company. It appeared that these statements were not true, in that a policy had been issued by the New Amsterdam Casualty Company, and had been canceled by said company shortly before application made to the petitioner. We may assume that any defense available to the Insurance Company as against Johnson, the employer, would be equally available against the employee or his dependents. The statement with reference to the existence or cancellation of other insurance did not constitute a warranty. It was not contained in the policy itself, nor was it in "another instrument signed by the insured and referred to in the policy, as making a part of it." (Civ. Code, sec. 2605.) There was no declaration in the policy that the violation of this provision should avoid it, and the breach, therefore, would not affect the validity of the insurance unless the statement or representation was material. (Civ. Code, sec. 2611.) The evidence on the subject of materiality was somewhat vague. Certain correspondence was introduced, indicating that the New Amsterdam Company, in notifying the insured of the cancellation of the policy issued by it, had attributed its action to a ground which would probably have made the fact of cancellation immaterial, so far as it might affect another company to which application might subsequently be made. It may be, as petitioner contends, that the statement made by the New Amsterdam Company to Johnson was not evidence of the true ground which induced the cancellation. But it seems to be settled that the burden of proving the materiality of an alleged representation is upon the insurer. (2 Cooley's Briefs on Insurance, 1182.) The petitioner did not meet the burden, and the commission was therefore authorized to find against it.

It is objected that there was no express finding that the representation was immaterial. But no such issue was presented by the answer of the Insurance Company. The commission found that the policy of insurance was in full force and effect at the time of the injury, and we think this finding was sufficient for all purposes. We may, for the purposes

of this proceeding, agree with the petitioner that the further finding that the policy had not been validly rescinded is not material, and does not of itself dispose of the defense attempted to be set up. But the answer alleged rescission, and the fact that an unnecessary finding was made does not impair the sufficiency of the findings made.

The award is affirmed.

Melvin, J., Victor E. Shaw, J., *pro tem.*, Wilbur, J., Richards, J., *pro tem.*, and Angellotti, C. J., concurred.

Rehearing denied.