[S. F. No. 14020. In Bank.—March 31, 1931.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Petitioner, v. J. ROLLIN FRENCH, M. D., et al., Respondents.

F. Britton McConnell for Petitioner.

G. C. Faulkner, Edward O. Allen, A. J. Townsend and J. L. Kearney for Respondents.

THE COURT.—This case was transferred to this court after decision by the District Court of Appeal, Second

Appellate District, Division One, for the reason that we desired to give further consideration to the question as to whether the Industrial Accident Commission has jurisdiction in a proceeding instituted by a doctor or hospital against an insurance carrier of an employer for the reasonable value of services rendered to an employee, where neither the employer nor the employee are parties to the action, and where the employee has never been before the commission, compensation and medical services having been supplied to him.

We are of the opinion that the District Court of Appeal has correctly stated the law in reference to this point, and we, therefore, adopt as part of the opinion of this court the following portions of that opinion, written by Presiding Justice Conrey, and concurred in by Justices Houser and York:

"This proceeding in review covers two separate proceedings before the Industrial Accident Commission. They were tried together and determined by a single award. In each case the proceeding was entitled J. Rollin French, M. D., and staff, and the Golden State Hospital, Incorporated, against Pacific Employers Insurance Company, a corporation. In each case the applicants sought to enforce liability for medical and hospital treatment rendered to an employee of an employer for whom the company was the insurance carrier.

"The employer and the employee were in each case omitted as parties to the proceeding and were not in any way brought before the Commission. The award was made directly in favor of the applicants and against the company for the reasonable value of medical and hospital treatment furnished to the employee; and in each case there was, of course, no award made in favor of the employee.

"It is contended by petitioner herein that the Commission was without jurisdiction of the proceeding, because the proceeding was between parties who were neither employees nor employers, and involved no rights or liabilities of them or either of them. The authority of the legislature to create an Industrial Accident Commission and to define its powers is set forth, and the limitations on the powers given are defined by article XX, section 21, of the state Constitution. The Workmen's Compensation, Insurance and Safety Act

of 1917 (Stats. 1917, p. 831, and amendments thereof; Deering's Gen. Laws, Act 4749), was enacted pursuant to the authority thus given by the Constitution. (The section citations herein are of that act.) The compensation provisions of the act include only the liabilities of employers and their insurance carriers for injuries suffered by employees. (Sec. 1.) The right to compensation includes payment for such medical, surgical and hospital treatment, etc., as may reasonably be required for the stated purposes. (Sec. 9 [a].) The payment required to be made for such services and supplies is a part of the compensation to be awarded to the employee. The jurisdiction of the Commission over controversies concerning compensation includes any controversy relating to or arising out of subsection (a) of section 9 of the act, 'unless an express agreement shall have been made between the persons or institutions rendering such treatment and the employer or insurance carrier fixing the amount to be paid for the services'. (Sec. 17 [b].) Any party in interest may file with the Commission his application, in writing, stating the general nature of any dispute or controversy concerning compensation, or concerning any right or liability arising out of, or incidental thereto, jurisdiction over which is vested by the Compensation Act in the Commission. (Sec. 17a.) The Commission may fix and determine and allow as a lien against any amount to be paid as compensation, the reasonable expense incurred by or in behalf of the injured employee, as defined in subsection (a) of section nine. (Sec. 24 [b] [2].) In any case where it appears that a lien should be allowed upon a claim to which the lien remedy applies, the Commission may order the payment of such claim to be made directly to the person entitled, and the award to such person shall constitute a lien against unpaid compensation due at the time of service of said award. (Sec. 24 [c].)

■ "The provisions of the statute to which we have referred clearly indicate that the determination by the Commission of the amount of the reasonable value of medical services rendered, and the imposition of a lien therefor, presupposes the making of an award to the employee or to his dependents entitled to compensation. The lien is wholly incidental to the principal award, and without such award there can be no lien. The Commission is a tribunal of

limited jurisdiction. It cannot exercise powers outside of those declared in the Compensation Act."

The above conclusion is in accord with the decisions of other states. (See *Bloom* v. *Jaffe*, 94 Misc. Rep. 222 [157 N. Y. Supp. 926]; *Feldstein* v. *Buick Motor Co.*, 115 Misc. Rep. 170 [187 N. Y. Supp. 417]; *Associated Employers* v. *Commission*, 87 Okl. 16 [208 Pac. 798].)

Inasmuch as we are of the opinion that the commission has no jurisdiction over such a proceeding, we do not find it necessary to determine the question as to whether the evidence sustains the finding of the commission that there was no express contract between the parties.

For the foregoing reasons the award is annulled.

Rehearing denied.

Curtis, J., dissented.