[S. F. No. 15146.   In Bank.—November 1, 1934.]

THOMAS WALSII et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and JAMES KENNEY, Respondents.

Redman, Alexander & Bacon and R. P. Wisecarver for Petitioners.

Everett A. Corten and Emmet J. Seawell for Respondents.

LANGDON, J.—This is a petition to review an award of the Industrial Accident Commission. Respondent Kenney, the employee, fell from a ladder while engaged in his work as a painter, sustaining various injuries. Petitioners, the employer and his insurance carrier, admitted liability, and gave medical treatment and compensation. Kenney filed an

application before the commission for an adjustment of claim, and a hearing was had. The sole question was as to the nature and extent of the disability. Among other conditions, the medical report submitted by petitioners showed a "spondylolisthesis" of the fifth lumbar vertebra, which the examining doctor asserted was congenital and not related to the accident. The applicant sought leave to secure a medical report on his behalf, and an order was made permitting him to file a report of Doctor Sonnenberg within five days, the case to be submitted five days later unless further proceedings were requested. Nearly a month later, Kenney filed a report, not by Doctor Sonnenberg, but by Doctor Cleary, who stated that the condition described above was a fracture, and of traumatic and not congenital origin.

Upon receiving a copy of this report, petitioners requested a further hearing to present evidence in contradiction thereof, but were advised by the referee that he had already decided to rule in favor of the applicant, and that any attack that they desired to make on the report could be embodied in a petition for rehearing. Thereafter the commission made its findings and award. Petitioners sought a rehearing and offered reports of Doctors McChesney and Ruggles to the effect that the alleged fracture was a congenital anomaly. Rehearing was denied and a review was sought.

Petitioners contend that the award constitutes a denial of due process of law, in that it was rendered upon evidence received in the record after the hearing and without notice or opportunity to controvert it. They also contend that the award was made in violation of section 19 (c) (7) of the Workmen's Compensation Act for the same reason, said section providing that reports shall be served upon other parties to the proceeding and opportunity be given to produce testimony in rebuttal before the decision is rendered.

It may be conceded that the referee acted improperly in reaching his decision upon the report without giving petitioners an opportunity to controvert it. But a mere error in procedure is not a ground for annulling the commission's award. (*Massachusetts Bonding & Ins. Co.* v. *Industrial Acc. Com.*, 176 Cal. 488 [168 Pac. 1050] ; *Frankfort Gen. Ins. Co.* v. *Pillsbury*, 173 Cal. 56 [159 Pac. 150].) Petitioners

were eventually in a position to present to the commission, in their petition for rehearing, all the evidence deemed by them necessary to controvert the showing of the applicant. The commission, in ruling on that petition, was able to reach a decision on the merits upon a consideration of all of the evidence. ■ The report of Doctor Cleary, though controverted by several reports submitted by petitioner, is sufficient to support the decision. If we were to annul the award and remand the proceeding to the commission, that body could make the same award on the same evidence, and we would then be bound to affirm it. It thus appears that the irregularity in the proceeding, while not commendable, did not deny any substantial right of petitioners, and that if petitioners were to prevail in this proceeding in review, they would gain nothing but delay. Under these circumstances we think that the decision of the commission should stand.

The award is affirmed.

Preston, J., Waste, C. J., Shenk, J., and Tyler, J., *pro tem.,* concurred.

Rehearing denied.