[S. F. No. 15206. In Bank.—January 31, 1935.]

INDEPENDENCE INDEMNITY COMPANY, by E. FORREST MITCHELL, Insurance Commissioner, etc., and Liquidator, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and J. MINTON MEHERIN, M. D., Respondents.

398

Redman, Alexander & Bacon, Frank L. Guerena and R. P. Wisecarver for Petitioner.

Everett A. Corten for Respondents.

CURTIS, J.—Petition for review and annulment · of an order of the Industrial Accident Commission. The em-

ployee, Henry Lohnes, while employed by the Wonderlite Neon Products Company, was injured on December 26, 1932, when a heavy piece of iron fell on his right foot. His disability continued to March 23, 1933. The employer authorized medical treatment, and he was treated by Dr. J. Minton Meherin. The employer was insured with the Independence Indemnity Company, which company had a contract of re-insurance with the International Re-Insurance Corporation. Subsequent to the rendering of the medical treatment both companies went into the hands of receivers. On August 10, 1933, Dr. J. Minton Meherin, being unable to collect the amount due him for medical treatment, filed an application with the Industrial Accident Commission, wherein he was named as applicant and Henry Lohnes, Wonderlite Neon Products Company, Independence Indemnity Company, and International Re-Insurance Corporation were named as defendants. The case was set down for hearing and a copy of the application and notice of hearing was served by the Commission upon all the parties by mail, the notice to Henry Lohnes being sent to his last known address in Redwood City, California. The Independence Indemnity Company filed an answer, and was represented at the hearing. The employee did not appear before the Commission. Dr. J. Minton Meherin did not appear but filed a report which particularly described the injury and its treatment and stated that the patient was finally dismissed as cured on March 23, 1933. The secretary of Dr. Meherin, who had taken the case history from the injured employee, testified as to the facts surrounding the injury as reported to her by the injured employee. Subsequent to the hearing before the Commission, the referee wrote a letter to the employee addressing it to Pekin, Illinois, asking the employee if he wished to join in the present claim and submit it on the record as it then stood. The employee returned said letter, with the following notation at the end of the letter: ''I wish to join in the application which was filed in the claim of Dr. J. Minton Meherin, No. 42222, and submit my claim on the present record. (Signed) Henry Lohnes.'' This communication was received on October 19, 1933, which was more than six months after the date of the termination of the medical treatment. The Commission thereupon issued its award allowing the

employee compensation for temporary total disability at the rate of $9.54 a week, or a total of $109.03, of which $66.76 had been paid by the insurance carrier, leaving a balance of $42.27 due. An award was also made in favor of the employee in the sum of $42 for medical expenses, of which $37 was payable directly to Dr. J. Minton Meherin, and $5 was payable directly to Drs. Rehfish and Garland. The petition for review is sought by E. Forrest Mitchell, as insurance commissioner of the state of California and liquidator of the original insurance carrier, the Independence Indemnity Company.

The chief objection to the award is based upon the fact that the original application for adjustment of the claim was made by Dr. Meherin, "a lien claimant", and that no proper application for adjustment of the claim was filed with the Commission by either the employer or employee within the time limited by statute by reason of the fact that the letter filed by the employee, even if it be conceded to be an application, was filed after the statute had barred the filing of an application. There can be no question that if Dr. Meherin was not entitled to file the application, no proper application was filed within the time allowed by the statute of limitation, and the whole award must be annulled. On the other hand, if Dr. Meherin was entitled to file said original application, the employee was entitled to be brought in by the Industrial Accident Commission at any time thereafter during which the Commission had continuing jurisdiction and is entitled to the same consideration as if he had initiated the proceedings.

Petitioner's contention that Dr. Meherin was only a lien claimant must be sustained. The decision in the case of *Pacific Employers Ins. Co.* v. *French,* 212 Cal. 139 [298 Pac. 23], holds plainly and unequivocally, and we think correctly, that the lien of a doctor or hospital furnishing medical treatment to an injured employee "is wholly incidental to the principal award, and without such award there can be no lien". That case is decisive, therefore, of the question of the nature of the interest of the doctor or hospital furnishing medical or surgical treatment to an injured employee.

In that case, recovery of payment for medical services rendered an injured employee was sought upon the theory

that the Workmen's Compensation Act created a double liability on the part of an employer and his insurance carrier for medical services rendered an injured employee, a separate liability to the doctor and hospital rendering such services, and a liability to the injured employee to pay him for such services. If a recovery was had upon the latter liability, a lien upon the compensation thus awarded to the injured employee arose in favor of the doctor and hospital. The court, in that case, after a thorough analysis of the constitutional authority upon which the Workmen's Compensation Act was based, and a careful examination of the various provisions of the Workmen's Compensation Act applicable, held that no separate, independent right against the employer or insurance carrier had been conferred, or had been attempted to be conferred by the act on doctors or hospitals furnishing medical services to injured employees, but that the only direct liability was a liability to the injured employee, and an award in favor of the injured employee must be made before a lien thereon could be imposed in favor of the doctor or hospital. The determining factor in the decision reached in the French case was the fact that it was a suit solely between the doctor and the hospital on the one hand, against the insurance carrier on the other; the employer and employee having been purposely omitted from said controversy. This court stated in the opinion that the case was transferred to it for further consideration of the question "as to whether the Industrial Accident Commission has jurisdiction in a proceeding instituted by a doctor or hospital against an insurance carrier of an employer for the reasonable value of services rendered to an employee, *where neither the employer nor the employee are parties to the action, and where the employee has never been before the Commission*". The District Court of Appeal stated in the opinion which was adopted by this court: "The employer and employee were in each case omitted as parties to the proceeding and were not in any way brought before the commission." It appears from an examination of the record of the French case that the doctor and hospital therein did not include the names of the employer or employee in its application to the Commission. These names were added by the Industrial Accident Commission after the filing of the application, and notice of the hearing was given to them.

However, at the outset of the hearing, the attorney for the applicant doctor and hospital stated that he did not desire to include the employer or employee in the controversy, whereupon by order of the referee the parties were dismissed from the proceeding. It followed, from the reasoning of the French case that, as the constitutional authority for the enactment of the Workmen's Compensation Act limited the action of the legislature to the creation of a liability of an employer *to an employee*, and the fundamental basis of the proceeding was an alleged liability of an employer to third persons, a doctor and hospital, no jurisdiction existed in the Commission to determine such a controversy, and the award granted by the Commission had to be annulled.

■ In the instant case, the difficulty encountered in making a valid award was attempted to be obviated by the naming, by the applicant doctor, of all parties having any possible interest in the subject matter of the controversy as defendants. In effect, the doctor filed an application, not alone for himself, but also on behalf of the injured employee, and the basis of the proceeding was not an alleged independent right of the doctor against the employer, but the liability of the employer to the employee, to which the incidental liability of the employer to the doctor was a necessary concomitant. If the employee is properly a party to the instant proceeding, no difficulty can arise with reference to making an award in his favor, and impressing thereon a lien in favor of the doctor, for the Commission has jurisdiction over the subject matter which involves the direct liability of the employer or his insurance carrier to the injured employee, and all claims and liens incidental thereto. In the instant case the regular procedure for the giving of notice required by the Commission for the bringing in of the various parties to a controversy was followed by the Commission. There is nothing in the record to indicate whether or not such notice was in fact received by the employee, and in the absence of any showing to that effect, we cannot take it for granted that it was not properly given. ■ The controversy, therefore, resolves itself into the question, Is a lien claimant, such as the doctor herein, a party in interest within the definition of the term as used by the Workmen's Compensation Act? If so, he is entitled

to file an application and thereby institute before the Industrial Accident Commission a proceeding which may terminate in an award in favor of the injured employee, upon which may be impressed a lien in his favor.

·Section 17 (a) provides that, "Upon the filing with the commission by any party in interest, his attorney, or other representative authorized in writing, of an application in writing stating the general nature of any dispute or controversy concerning compensation, or concerning any right or liability arising out of, or incidental thereto, jurisdiction over which is vested by this act in the commission, a time and place shall be fixed for the hearng thereof", etc.

In determining whether or not the Workmen's Compensation Act intended to include as parties in interest, lien claimants such as the doctor herein, it should be borne in mind that it is the purpose of the Workmen's Compensation Act itself that any part or section thereof be liberally construed, with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment, and that, as a practical matter, injured employees as a class will receive better and more willing medical service if remuneration for such services from an employer or insurance carrier is assured to doctors and hospitals than if instances may arise in which, if an employee neglects to file a claim for compensation, after the services have been rendered, such doctors and hospitals may be required to look only to the injured employee for compensation. It should be borne in mind that the medical, surgical and hospital treatment which is intended to be assured to injured employees as one of the items of their compensation by the act, will be more certain to be furnished if doctors and hospitals are assured of certain remuneration for their services. It is a matter of almost common knowledge that X-rays and other methods used for diagnostic and remedial treatments are not inexpensive, and a doctor or hospital cannot be blamed for failing to use expensive methods of diagnosis and treatment in the absence of any certainty of reimbursement.

Aside from the practical reasons which demonstrate that the fundamental purpose of the act will be subserved by holding that a doctor, who has furnished medical or surgical services to an injured employee, is a party in interest,

we are satisfied from an examination of those sections of the act which are pertinent to the problem here involved, that it was the intention of the act itself to include as a party in interest such lien claimants. Thus section 17 (a) which contains the above quoted language with reference to the filing of an application by a party in interest, providing that the application so filed shall state the general nature of any dispute or controversy concerning compensation, "or concerning any right or liability arising out of, *or incidental thereto,* jurisdiction over which is vested by this act in the commission", would seem to directly confer upon a doctor lien claimant the right as a party in interest to file an application since the words, "or incidental thereto", are peculiarly applicable to the doctor's claim. Section 17 (b) provides that the jurisdiction of the Commission shall include any controversy relating to or arising out of the provisions of subsection (a) of section 9 of this act, unless an express agreement shall have been made between the persons or institutions rendering such treatment and the employer or insurance carrier fixing the amount to be paid for the services. ■ Section 9 (a) therein referred to is the particular section which imposes upon the employer the duty of furnishing medical, surgical and hospital care to an injured employee, and makes the payment required to be made for such services a part of the compensation to be awarded to the employee. This section, therefore, confers upon the Commission jurisdiction over all controversies involving doctors' claims for medical services rendered an injured employee, with the exception of those cases in which an express agreement fixing the amount to be paid for the services has been entered into between the doctor and the employer or insurance carrier in which event the doctor's claim for payment being based upon an express contract, he is entitled to maintain an action at law. Section 17 (c) provides that, "There shall be but one cause of action for each transaction coming within the provisions of this act, and all claims brought for medical expense, disability payments, death benefits, burial expense, liens or other matters arising out of such transaction may, in the discretion of the commission, be joined in the same proceeding at any time." This subsection, therefore, likewise indicates an intention that the Commission shall have sole

jurisdiction of all controversies wherein there exists a liability toward the injured employee for compensation, including the item of medical expenses, whether such liability be the direct liability to the injured employee or the incidental liability to the doctor. That the Commission does have and possess such exclusive jurisdiction is further confirmed by the fact that the Commission is the forum in which must be determined, as a fact and preliminary to the awarding of any compensation whatever, that those conditions existed which are precedent to the granting of an award; that is to say, that the employee sustained an injury arising out of and occurring in the course of his employment. There is no escape from the conclusion, therefore, that the Commission has exclusive jurisdiction over all claims for compensation against an employer or insurance carrier involving medical, surgical and hospital treatment to injured employees, in the absence of an express agreement between such parties. It does not seem reasonable to conclude that the act expressly confers jurisdiction upon the Commission over such controversy, expressly including the claim of a doctor or hospital for payment for services rendered an injured employee, but makes no provision whereby a claimant may present his claim to the tribunal to which jurisdiction of his claim is given. In other words, the Workmen's Compensation Act by the above provisions has made the Industrial Accident Commission the sole forum for the determination of all questions of liability for compensation to an injured employee, specifically including the item of compensation for medical services rendered him. Can it be that it intended to limit the rights of doctors for payment for such services to the forum of the Industrial Accident Commission, and at the same time permit them to enter that forum only if the doors have already been opened by the filing of an application by an injured employee?

Section 24 of the act, which deals with the imposing of liens by the Commission, provides in subsection (b) that, "the Commission may fix and determine and allow as a lien against any amount to be paid as compensation . . . (2) the reasonable expense incurred by or on behalf of the injured employee, as defined in subsection (a) of section 9 hereof" [which is the section referring to expenses for

medical, surgical and hospital treatment]. It also provides, subsection (c) that, "where it appears in any proceeding pending before the commission that a lien should be allowed, if the same had been duly requested by the party entitled thereto, the commission may, in its discretion, and without any request for such lien having been made, order the payment of such claim directly to the person entitled, in the same manner and with the same effect as though such lien had been regularly requested, and the award to such person shall constitute a lien against unpaid compensation due at the time of service of said award". This section clearly shows an intent that any person or institution furnishing medical or surgical services to an injured employee should be properly paid for the services and should be assured and guaranteed their payment. As above indicated, it does not seem reasonable that the act should provide so elaborately for jurisdiction of these controversies to vest solely in the Commission, and yet provide no way in which such claimants can, if necessary, get their claims before the Commission. This is particularly true of an act which purports to provide for "a complete system of workmen's compensation" including "full provision for such medical, surgical, hospital and other remedial treatment as is requisite to cure and relieve from the effects of such injury." (Article XX, section 21, California Constitution.)

█ Section 57 provides that, "the Commission shall have full power and authority: . . . (4) to provide for the joinder in the same proceeding of all persons interested therein, whether as employer, insurance carrier, employee, dependent, creditor or otherwise". The term "creditor" obviously includes lien claimants, and no good reason exists why "the persons interested" who may be joined in the same proceeding should not be co-extensive with "any party in interest" who may initiate proceedings before the Commission. We think it was so intended in the act.

█ It is true there appears to be one objection to permitting the initiation of the proceedings by a doctor as lien claimant, which is that, since the liability in controversy is one which is primarily due the injured employee, the employee should have the privilege of refusing to bring a proceeding if he does not desire to bring one—or more accurately, the right to neglect to bring one, since in most

cases the failure of an injured employee to file an application is due to negligence or a failure to understand his rights. This is at most merely a theoretical objection for the reason that the injured employee is not the only one authorized by the act to institute or initiate proceedings. It is a fairly common practice for proceedings to be initiated by an employer or insurance carrier, and certainly even under a narrow construction of section 17 (a) of the act, they are parties in interest entitled to do so. Moreover since the filing of the application by a doctor must always work to the benefit of an injured employee since it stays the running of the statute of limitation, it is difficult to imagine an injured employee who would wish to insist upon the chimerical privilege. It should be noted in this regard, that no rights of an injured employee are jeopardized by allowing a doctor lien claimant to initiate the proceedings, for if the injured employee receives notice and joins in the application his rights are properly taken care of; if he does not join in the proceeding for lack of receiving actual notice or otherwise, he may apply to the Commission, under section 18 (b) of the act, as a defendant claiming to be aggrieved, for relief substantially in accordance with the provisions of section 473 of the Code of Civil Procedure.

It should also be noted that neither are the rights of an employer or insurance carrier jeopardized by allowing an application to be filed by a doctor lien claimant. They have received a premium to cover the liability for medical services and it will always be necessary, regardless of the manner in which the proceedings are initiated, before any award of compensation can be made by the Commission to the injured employee, or a lien imposed thereon in favor of a lien claimant, that satisfactory proof be offered that the injured employee was entitled to compensation by reason of the fact that he sustained an injury arising out of and occurring during the course of his employment.

Summarizing the above reasoning, we are of the opinion that the reasons above set out, considered in their entirety, compel the conclusion that a doctor, who has rendered medical or surgical services to an injured employee entitled to compensation, is a party in interest. Moreover, we think it can be safely said, that although a doctor's right to payment for medical services is incidental to the em-

ployee's right to compensation, nevertheless a doctor who has rendered medical services to an injured employee has an interest in the subject matter of the controversy, which interest is not a future, contingent interest, but an interest which arises simultaneously with the right of the injured employee to look to the employer or the insurance carrier for payment of his medical expenses, and that this pecuniary interest held by the doctor in the result of the proceedings before the Commission is sufficient to bring him within the class designated by the act as parties in interest.

■ Petitioner's further claim that, as the letter written by the injured employee to the Commission was received by the latter after the time within which an application for compensation could be filed, therefore, the application of the employee was barred by the statute of limitations and as the employee's right to recover compensation was barred, the claim of the doctor, being merely incidental to that of the injured employee, cannot be sustained. This contention is necessarily based upon the assumption that the filing of a claim by the doctor lien claimant was a nullity and that the statute was not tolled by the filing of his application, for it is settled authority that the Commission having once acquired jurisdiction has jurisdiction to hear and determine claims of any and all persons for compensation arising from the same transaction whether the latter were seasonably filed or not, provided such parties were brought in during the continuing jurisdiction of the Commission. (27 Cal. Jur., sec. 126, p. 453; *Great Western Power Co.* v. *Industrial Acc. Com.,* 196 Cal. 593 [238 Pac. 662]; *Fogarty* v. *Department of Indus. Relations,* 206 Cal. 102 [273 Pac. 791].) Indeed, petitioner practically concedes that if the doctor was empowered to file the application, other claimants could come in at any time within the continuing jurisdiction of the Commission, when it presents the claim that a doctor should not be permitted to file an application because to permit him to do so would have the effect of waiving the statute of limitations for a period of 240 weeks. As we have held herein that the doctor is a party in interest entitled to file an application with the Commission, the contention that the employee was not a party because no application was received from the employee personally within the six months' period subsequent to the last treatment for the injury, cannot be upheld.

Moreover, in view of our holding that the doctor was entitled to initiate proceedings as a party in interest, the question of the date on which the letter from the employee was received by the Commission is really immaterial, as such employee, having been named as a party, and served in the manner prescribed by the rules and regulations of the Commission, was already properly before the Commission at the time of the hearing.

We are satisfied, from a reading of the return to the writ of review, that the jurisdictional facts that the injured employee sustained an injury which arose out of and in the course of his employment, existed. It is true that the employee did not testify personally but the facts, which were not disputed by the employer or insurance carrier, were supplied by the testimony of Dr. Meherin's secretary. It is true that this testimony is hearsay, but it is well settled that hearsay testimony may be presented before the Commission. (Section 60 [a], Workmen's Compensation Act; *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.*, 180 Cal. 497 [181 Pac. 788]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 195 Cal. 174 [231 Pac. 996].) In addition, the employer's report stating all the facts of the injury was presented to the Commission. The employee in his notation to the letter to the Commission specified that the award should be based upon the record as already made. The petitioner as a party represented at the hearing was familiar with that record, and had already had an opportunity to meet any evidence therein presented.

It follows that the basis of the instant proceeding, being the liability of an employer to an injured employee, and the employee being a party to the proceeding, the application having been filed by a doctor lien claimant who was entitled as a party in interest to initiate such proceeding, the Commission was acting within the scope of its jurisdiction in making the award of compensation to the injured employee, and imposing thereon a lien in favor of the doctor claimant.

The award so made is affirmed.

Preston, J., Shenk, J., Waste, C. J., and Langdon, J., concurred.

Thompson, J., deeming himself disqualified, did not participate herein.