[Civ. No. 24972.   Second Dist., Div. Two.   Feb. 1, 1961.]

ANNA GERSON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Everett E. Demler for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Musick, Peeler & Garrett, James E. Ludlam and Norman E. Carroll for Respondents.

NOURSE, J. pro tem.*—Petitioner is an applicant before the respondent commission for workmen's compensation. By her petition here she seeks to annul that part of the award made by respondent commission which ordered that a portion of the amount awarded to her on account of self-procured medical and hospital expenses be paid directly to Hospital Service of Southern California, hereinafter called "Blue Cross." The relevant facts are:

On December 6, 1958, petitioner, hereinafter sometimes called "applicant," sustained an injury to her spine while in the scope and course of her employment by Harriman-Jones Clinic, hereinafter called "the clinic." She received treatment from the medical staff of the clinic and on February 16, 1959, entered the hospital operated by the clinic but she did not, until February 26, 1959, advise her employer of the accident occurring on December 6th and made no claim that her illness and injuries were due to that accident until February 26th.

At the time of the accident petitioner's husband was a dues-paying contributor under a plan of hospital and medical service contracted for by his employer with Blue Cross and under which Blue Cross agreed to furnish certain hospital, medical and surgical services to the dues-paying members of the employer and their families. The contract between Blue Cross and the husband's employer specifically excluded from the services which Blue Cross would be obligated to furnish "any condition for which indemnities are recoverable under any Workmen's Compensation or Occupational Disease Law. . . ."

At all relevant times the clinic was under contract with the Blue Cross to furnish hospital service and care to Blue Cross hospital service plan subscribers upon the terms and conditions stated in that contract. Petitioner was the holder of a certificate designating her as a member of her husband's family entitled to the benefits of the contract between her husband's

*Assigned by Chairman of Judicial Council.

employer and Blue Cross. Relying on this certificate, the clinic and the physicians and surgeons who attended petitioner billed Blue Cross for the services rendered to petitioner and their bills were paid by Blue Cross.

On August 3, 1959, petitioner filed her application with respondent commission for workmen's compensation benefits and it was *not until the filing of this application* that Blue Cross received notice that petitioner's injury was industrial in character and that she was entitled to indemnity under the workmen's compensation insurance act. It thereafter filed with the commission its claim of lien including the amounts paid out by it for services rendered to petitioner prior to February 26, 1959.

The respondent commission on August 12, 1960, after having granted reconsideration of a former award, entered its findings of fact and award and on the same day entered what it called its decision but which we understand to be a summary of the evidence relied on and the reasons or grounds for its award filed pursuant to section 5313 of the Labor Code.

By the award petitioner was granted, in addition to disability indemnity, reimbursement for the reasonable value of self-procured medical treatment incurred by her after February 26, 1959, including medical and hospital expense paid by Blue Cross but her claim for such expense, incurred prior to February 26, was denied. The award expressly denied the claim of lien filed by Blue Cross but ordered that, of the amount awarded petitioner for self-procured medical and hospital expenses, a portion thereof equal to the amount expended by Blue Cross should be paid directly to it.

Petitioner asserts: first, that the amounts paid by the Blue Cross were paid by it under its contract so to do for which it had received a consideration and that, therefore, the services furnished by it were the proceeds of an investment, payable irrespective of her right to indemnities under the workmen's compensation act and that Blue Cross was not entitled to be reimbursed for the services that it had for a consideration contracted to furnish and that, consequently, the commission could not by its order reimburse it; second, that the commission was without jurisdiction to adjudicate the controversy between petitioner and Blue Cross.

There is no merit in the first point stated above. By the express terms of the contract made by Blue Cross and under which petitioner had the right to claim hospital service there was excluded from the coverage of that contract any

hospital or medical service for which petitioner was entitled to indemnities under the workmen's compensation laws.

Because of her failure to report the accident and request from her employer indemnification in the form of medical and hospital care under the workmen's compensation provisions of the Labor Code, petitioner was not entitled to indemnification for expenses so incurred by her prior to February 26, 1959, and the commission so found. These expenses not being recoverable "under any Workmen's Compensation or Occupational Disease Law" Blue Cross was obligated to furnish the services for which the expense was incurred under its contract and the commission by its award did not include them, in its award to petitioner or in the amount which it directed paid to Blue Cross.

Petitioner, however, was entitled to indemnity under the workmen's compensation provisions of the Labor Code on account of medical and hospital services rendered to her after February 26, 1959, and Blue Cross was, therefore, not obligated under its contract to furnish them. The expenditures that Blue Cross made in furnishing hospital and medical care to petitioner after February 26 were made by mistake and not under the obligations of its contract and petitioner received them through mistake and not as a benefit to which she was entitled under her husband's contract with Blue Cross and receipt of them did not amount to the return of an investment made by her husband under the rule laid down in *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com.*, 170 Cal.App.2d 412 [339 P.2d 225], which is relied upon by petitioner.

The second point stated above is more difficult of solution. By its findings of fact the commission found that Blue Cross was not entitled to a lien and by its award denied that lien. Section 4904, Labor Code, only grants to the commission the power to order the payment of an award made to the applicant for reasonable hospital and medical expense incurred by her, to a third person *where it has determined and allowed,* to that third person, *a lien.*

The commission has no power beyond that given it by section 21, of article XX of the Constitution of this state and the workmen's compensation act (now div. 4 of the Lab. Code) passed by the Legislature pursuant to that provision of the Constitution. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 89 Cal.App.2d 821, 824 [202 P.2d 86].)

The Legislature may empower the commission to exercise jurisdiction over controversies incidental to the

award to an employee, but it cannot vest in the commission jurisdiction to determine controversies not incidental to such relief. (*Pacific Employers' Ins. Co.* v. *French,* 212 Cal. 139 [298 P. 23]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.,* 20 Cal.2d 264, 267-269 [125 P.2d 42]; *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com., supra,* 170 Cal.App.2d 412, 423.)

We are convinced, however, that Blue Cross was entitled to a lien under the provisions of paragraph (b) of section 4903 of the Labor Code and section 4600 of that code and that finding of the commission to the contrary is wholly unsupported by the evidence.

Section 4903, so far as pertinent reads: "The commission may determine, and allow as a lien against any amount to be paid as compensation: . . . (b) Medicine and Hospital Expenses. The reasonable expense incurred by or on behalf of the injured employee, as provided by Article 2 of Chapter 2 of Part 2 of this division." Section 4600 reads in part as follows: "Medical, surgical, and hospital treatment . . . shall be provided by the employer. In the case of his neglect or refusal seasonably to do so, the employer is liable for the reasonable expense incurred by or on behalf of the employee in providing treatment."

While under its contracts Blue Cross was not obligated to furnish medical and hospital services to petitioner it did in fact furnish those services to her through the hospital and the doctors whom it employed and the fact that its employment of the hospital and the doctors occurred through mistake did not change the character of its acts.

*Fireman's Fund Indem. Co.* v. *Industrial Acc. Com., supra,* 170 Cal.App.2d 412, is not applicable for under the facts here where there was neither a payment of money nor the furnishing of services pursuant to a contract so to do nor a loan of money to petitioner but simply a furnishing by Blue Cross of services to petitioner and the situation is no different than if the clinic and the physicians were the lien claimants. Under the facts here Blue Cross was clearly entitled to a lien within the provisions of sections 4903, subdivision (b), and 4600 of the Labor Code.

We have no power, in proceedings of this kind, to make findings of fact and the commission having found Blue Cross not entitled to a lien and having by its award denied that lien, its award directing payment of a portion of the award granted applicant directly to Blue Cross was an order in excess of its jurisdiction and cannot be sustained.

The award is annulled with directions to the commission to take such further proceedings not inconsistent with the views hereinbefore expressed as are warranted by the evidence before it.

Fox, P. J., concurred.

ASHBURN, J., Concurring and Dissenting.—I agree with most of the prevailing opinion but am unable to concur in an annulment of the award or in the reasoning which leads to that conclusion.

The majority opinion concedes that Blue Cross is entitled to a lien upon the compensation award, but holds that the commission's erroneous denial of the lien precludes it as a matter of jurisdiction from ordering payment directly to Blue Cross because of the limited phraseology of section 4904, Labor Code: ". . . The commission may order the amount of any lien claim, as determined and allowed by it, to be paid directly to the person entitled, either in a lump sum or in installments." To my mind this exalts form above substance.

An explanation of the commission's inconsistent holding is not readily apparent. Counsel for the commission offer this: "Since there would be no good reason to allow the lien of the Blue Cross and then order petitioner to pay over the money to Blue Cross, as a matter of expediency, the referee denied the lien and ordered respondent compensation insurer to pay the money direct to Blue Cross." This is hardly satisfactory. However, I am unable to see any difference between declaring a lien upon an award and directing payment by the insurance carrier of the amount of the claimed lien directly to that claimant.

To my mind the result reached by the majority decision does not reflect sound interpretation of the pertinent code sections. Section 3202, Labor Code, commands that they "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." That the assured payment of sums due doctors and hospitals is for the benefit of the injured employee is clear. The Supreme Court, in *Independence Indem. Co. v. Industrial Acc. Com.*, 2 Cal.2d 397, 404 [41 P.2d 320], says: "In determining whether or not the Workmen's Compensation Act intended to include as parties in interest, lien claimants such as the doctor herein, it should be borne in mind that it is the purpose of the Workmen's Compensation Act itself that any part or section thereof be

liberally construed, with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment, and that, as a practical matter, injured employees as a class will receive better and more willing medical service if remuneration for such services from an employer or insurance carrier is assured to doctors and hospitals than if instances may arise in which, if an employee neglects to file a claim for compensation, after the services have been rendered, such doctors and hospitals may be required to look only to the injured employee for compensation. It should be borne in mind that the medical, surgical and hospital treatment which is intended to be assured to injured employees as one of the items of their compensation by the act, will be more certain to be furnished if doctors and hospitals are assured of certain remuneration for their services.'' 55 California Jurisprudence 2d, section 244, pages 282, 283: ''The basis of such a proceeding is not an alleged independent right of the doctor against the employer, but the liability of the employer to the employee, to which the incidental liability of the employer to the doctor is a necessary concomitant.''

Section 4903, subdivision (b), declares medical and hospital expenses incurred by or on behalf of the injured employee to be the subject of ''a lien against any amount to be paid as compensation.'' Section 4904 says: ''If notice in writing is given to the insurer, or to the employer if uninsured, setting forth the nature and extent of any claim that is allowable as a lien, the claim is a lien against any amount thereafter payable as compensation, subject to the determination of the amount and approval of the lien by the commission. . . . The commission may order the amount of any lien claim, as determined and allowed by it, to be paid directly to the person entitled, either in a lump sum or in installments.''

It should be noted that the mere filing of the claim of lien establishes it, subject only to determination of amount and approval of lien by the commission, and the determination and allowance of lien mentioned in section 4903 is but the approval of the lien which is conditionally established by the filing of claim therefor. Having once declared a lien under section 4904, the commission may order that amount paid directly to the person entitled. Section 4905 emphasizes the spirit of the statute when it declares: ''Where it appears in any proceeding pending before the commission that a lien should be allowed if it had been duly requested by the party entitled thereto, the commission may, without any request for such lien having

been made, order the payment of the claim to be made directly to the person entitled, in the same manner and with the same effect as though the lien had been regularly requested, and the award to such person shall constitute a lien against unpaid compensation due at the time of service of the award.''

Exclusive jurisdiction is vested in the commission by sections 4904, 5300, 5301 and 5304,[1] to determine all controversies between employer and employee and all claims of lien for services of doctors and hospitals. This encompasses all issues, legal and equitable, which may arise to the end that complete disposition may be made of all cardinal and incidental issues in a compensation proceeding, for the commission ''in legal effect is a court.'' (*Lyydikainen* v. *Industrial Acc. Com.*, 36 Cal.App.2d 298, 304 [97 P.2d 993]; *Caesar's Restaurant* v. *Industrial Acc. Com.*, 175 Cal.App.2d 850, 855 [1 Cal.Rptr. 97].)

*Bankers Indemnity Ins. Co.* v. *Industrial Acc. Com.*, 4 Cal. 2d 89, 95 [47 P.2d 719] : ''It is petitioner's contention that the commission is not invested with equitable powers, and that accordingly it has no jurisdiction over a proceeding to reform a policy of insurance on the ground of the mutual mistake of the parties, or for that matter, on any ground whatever. Petitioner takes the position that courts of equity, and they alone, have exclusive jurisdiction of such matters, and that in order to reform such policy of insurance it is necessary for the party seeking such reformation to invoke the powers of a court of equity, as no such power has been vested in the Industrial Accident Commission.

''In construing the section of the Constitution above referred to, and the legislative enactment adopted in pursuance thereof, this court has held that in determining the liability

---

[1]Sec. 5300: ''All the following proceedings shall be instituted before the commission and not elsewhere, except as otherwise provided in Division 4. (a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto. . . . (e) For obtaining any order which by Division 4 the commission is authorized to make. (f) For the determination of any other matter, jurisdiction over which is vested by Division 4 in the commission.''

Sec. 5301: ''The commission is vested with full power, authority and jurisdiction to try and determine finally all the matters specified in Section 5300 subject only to the review by the courts as specified in this division. . . .''

Sec. 5304: ''The commission has jurisdiction over any controversy relating to or arising out of sections 4600 to 4605 inclusive, unless an express agreement fixing the amounts to be paid for medical, surgical or hospital treatment as such treatment is described in those sections has been made between the persons or institutions rendering such treatment and the employer or insurer.''

of an insurance carrier for compensation to an injured employee the commission had the power to determine all questions of law and fact upon which the liability of the insurance carrier depended (*Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.,* 177 Cal. 771, 775 [171 Pac. 935])." At page 96: "This express holding to the effect that the commission has been invested with the power and authority to hear and determine equitable issues is controlling in the matter before us, and is determinative of the power of the commission in proceedings before it to reform policies of insurance, or other writing, so that the same will state the true intent of the parties thereto." At page 98: "We are satisfied that the prior decisions of this court, cited above, admit of but one conclusion in this matter and that is that the Industrial Accident Commission of this state has been invested with the power and authority to hear and determine equitable issues, including those arising in a controversy involving the reformation of a written instrument."

To my mind all this leads to the conclusion that section 4904 is not to be read or applied literally, and that the commission from the standpoint of jurisdiction had power to do what it did in this instance, although that action undoubtedly did amount to commission of error in the exercise of its jurisdiction. Conceding such error does not dictate an annulment of the award, for the principles inhering in miscarriage of justice provisions of the Constitution are applicable to administrative proceedings as well as those of courts.

In *Southern Calif. Jockey Club* v. *California etc. Racing Board,* 36 Cal.2d 167, 176 [223 P.2d 1], the court, dealing with the claim of errors in receipt of evidence, said: "In its memorandum opinion the trial court said: 'Nevertheless, eliminating from consideration testimony concerning the economic interest of the existing tracks, there is still substantial evidence upon which to sustain the Board's determination. Even if there be some error in the record, the court should follow the general principle enunciated in Article VI, section 4½ of the Constitution, to wit, sustain the trial body where the error complained of has not resulted in a miscarriage of justice.' Thus its conclusion was that without such evidence there was sufficient evidence to support the board's decision. Moreover, it is presumed on appeal that the court, sitting without a jury, did not base its finding on irrelevant evidence where there is competent evidence to support it. [Citations.] There being competent evidence to support the judgment without such

'improper' evidence, and the court not having based its findings on the latter, it is not important that plaintiff's offer of proof in rebuttal thereof was denied by the board.'' See also to the effect that error occurring in an administrative proceeding does not vitiate the ruling unless shown to have been actually prejudicial to the appellant, *Roark* v. *State Bar,* 5 Cal.2d 665, 668 [55 P.2d 839] ; *Maryland Casualty Co.* v. *Industrial Acc. Com.,* 178 Cal. 491, 493 [173 P. 993] ; *Brewer* v. *Railroad Commission,* 190 Cal. 60, 77-78 [210 P. 511] ; *Ocean Acc. & Guar. Corp.* v. *Industrial Acc. Com.,* 180 Cal. 389, 393 [182 P. 35] ; *Walsh* v. *Industrial Acc. Com.,* 1 Cal.2d 747, 748 [36 P.2d 1072] ; *Frankfort General Ins. Co.* v. *Pillsbury,* 173 Cal. 56, 60 [159 P. 150] ; 2 Cal.Jur.2d, § 223, p. 367; 42 Am. Jur., § 244, p. 686; *Steele* v. *Los Angeles County Civil Service Com.,* 166 Cal.App.2d 129, 137 [333 P.2d 171] ; *Rudolph* v. *Athletic Commission,* 177 Cal.App.2d 1, 16-17 [1 Cal.Rptr. 898]. Moreover, the theory pursued by the agency in reaching its conclusion is not important if the facts warrant the action taken. (*Southern Calif. Edison Co.* v. *Industrial Acc. Com.,* 78 Cal.App. 584, 591 [248 P. 938] ; *Liberty Mutual Ins. Co.* v. *Industrial Acc. Com.,* 73 Cal.App.2d 555, 563 [166 P.2d 908] : 42 Am.Jur., § 244, p. 686.)

I think there was no prejudicial error in ordering payment directly to Blue Cross of the amount of its claim and out of the compensation award, especially as I believe, like the majority, that a lien should have been declared. As a matter of fact the lien and the order for payment seem to me to be essentially one and the same thing.

An alternative method of reaching a just and final disposition of this matter would be a modification of the award. The modification, if made, should be a substitution of an express allowance of the lien rather than denial. That this is appropriate appellate procedure appears from *Truck Ins. Exchange* v. *Industrial Acc. Com.,* 36 Cal.2d 646, 652 [226 P.2d 583] ; *O. L. Shafter Co.* v. *Industrial Acc. Com.,* 175 Cal. 522, 527 [166 P. 24] ; *Gouanillou* v. *Industrial Acc. Com.,* 184 Cal. 418, 424-425 [193 P. 937].

I would affirm the award as made.