[L. A. No. 22835.   In Bank.   Nov. 13, 1953.]

EVERARDO GARCIA et al., Petitioners, v. INDUSTRIAL
ACCIDENT COMMISSION et al., Respondents.

Victor C. Rose, Eugene Marias, Herlihy & Herlihy and E. H. Herlihy for Petitioners.

Edmund J. Thomas, Jr., T. Groezinger, Everett A. Corten, Edmund G. Brown, Attorney General, Irving H. Perluss, Assistant Attorney General, William L. Shaw and Vincent P. Lafferty, Deputy Attorneys General, for Respondents.

SCHAUER, J.—Everardo Garcia, an applicant for workmen's compensation, and Pacific Indemnity Company, carrier of the workmen's compensation insurance of Garcia's employer, seek review of an Industrial Accident Commission award of a lien (allowed pursuant to Lab. Code, § 4903, par. (f)) against $1,250 payable to Garcia under an agreement between him and Pacific compromising his claim for workmen's compensation. The lien claimant is the Department of Employment of the State of California. It paid the employe unemployment compensation disability benefits during a period when, although it is not disputed that he was entitled to compensation from one source or the other, it was uncertain whether the benefits should be paid, on the one hand, under the Unemployment Insurance Act, or, on the other hand, under the Workmen's Compensation Act. The subsequent compromise of the employe's claim for workmen's compensation was approved by the commission. There was no direct evidence before the commission as to whether the injury on account of which the employe claimed workmen's compensation was industrially caused and as to whether, if it was, it caused the disability during the period for which unemployment compensation disability benefits were paid. The employe and the workmen's compensation insurance carrier of the employer take the position that there was no evidence before the commission sufficient to support a finding on those matters, and that the Department of Employment, to establish its lien, must prove such matters. The commission and the department take the position that the employe and the insurance carrier, if they object to allowance of the lien, must show that it should be disallowed. We have concluded that the position of the commission and the department is correct.

On August 3, 1950, the employe filed with the commission his application for adjustment of claim for an allegedly industrial injury which was sustained March 17, 1950. Also on August 3d the Department of Employment filed its request for allowance of lien on which was endorsed the employe's consent to such allowance. The department paid the employe unemployment compensation totaling $496 during the period from June 27 through October 16, 1950.

Hearings on the claim before the commission were continued from time to time because the employe and the employer's insurance carrier were negotiating for a settlement. In March, 1952, the employe and the insurance carrier ex-

ecuted a settlement agreement which recited that there was a dispute as to liability and compromised the employe's claims against the compensation insurance carrier for the sum of $1,250. The commission approved this settlement by an order which made no mention of the department's lien claim.

At the department's request the matter was reopened for consideration of the lien claim in the light of this court's decision in *Aetna Life Ins. Co.* v. *Industrial Acc. Com.* (1952), 38 Cal.2d 599 [244 P.2d 530], which decision became final after the commission had approved the settlement. At the hearing concerning the lien all the parties declined to introduce evidence on the question whether, during the period when the department paid the unemployment disability benefits, the employe was disabled by an industrial injury. The referee found that "there is no evidence to establish that applicant [employe] has sustained any injury which arose out of and occurred in the course of his employment or that he suffered any period of disability as result of any such injury, nor is there any evidence that will establish that he is entitled to any compensation by reason of any such period of disability." However, it is not disputed that, as above recited, the claim for workmen's compensation was filed, such claim was compromised, and the compromise was approved by the commission. Upon the record the referee recommended and the commission ordered that the lien be granted. The employe and the employer's insurance carrier exhausted their remedies before the commission, and this review proceeding followed.

In *Bryant* v. *Industrial Acc. Com.* (1951), 37 Cal. 2d 215, 218 [231 P.2d 32], we emphasized that the legislative purpose in providing unemployment disability benefits for periods and under circumstances not covered by workmen's compensation obviously was not to create duplicating compensations but, rather (in the language of the report of the Senate Interim Committee on Unemployment Insurance, Senate Journal, May 7, 1945, p. 126), was to provide an insurance program "to pay benefits to individuals who are unemployed because of illness or injury *for which no compensation is otherwise made.*" (Italics added.) The legislative intention that a workman shall be compensated in part for the wage loss resulting from unemployment due to sickness or injury both where the disability is industrially caused (covered by the Workmen's Compensation Act) and where it is not so caused (covered by the Unemployment Insurance Act), but that he shall not be entitled to unem-

ployment compensation disability benefits *in addition* to workmen's compensation for the same period of unemployment, is manifest in the substance of the respective statutes. (See, e.g., Workmen's Compensation Act, Lab. Code, §§ 3202, 3208, 4903, par. (f), §§ 5000-5003, 5100; Unemployment Insurance Act, 3 Deering's Gen. Laws, Act 8780d, §§ 150, 207.)

In the Bryant case we further held that, to make the legislative intention effective, the Industrial Accident Commission, pursuant to paragraph (f) of section 4903 of the Labor Code, must allow a lien against workmen's compensation for unemployment compensation disability benefits paid under the Unemployment Insurance Act during a period when, pending a determination by the Industrial Accident Commission of a claim for workmen's compensation, there was uncertainty whether benefits were payable under the Workmen's Compensation Act or under the Unemployment Insurance Act.

Both the Workmen's Compensation Act and the Unemployment Insurance Act are remedial statutes and are to be liberally construed for the purpose of accomplishing their objects. Obviously, a primary and common object is the prompt cash assistance of a disabled workman. To that end, the immediate payment of benefits under the Unemployment Insurance Act where there is a question whether benefits are payable under the workmen's compensation law, is highly desirable. In the Aetna case (*Aetna Life Ins. Co. v. Industrial Acc. Com.* (1952), *supra,* 38 Cal.2d 599, 603) we recognized that the proper conduct of the business of an insurance company carrying unemployment compensation disability benefit insurance would inevitably tend to make it delay payments to the workman in doubtful cases pending determination of the question as to whether the disability was compensable under the Workmen's Compensation Act, unless such carrier could be assured that payments advanced under such circumstances would in all proper cases be recoverable upon determination of the controlling facts. We specifically held (p. 604 of 38 Cal.2d) that an amount payable under an agreement compromising a claim for compensation entered into between the injured workman and the workmen's compensation insurance carrier of his employer and approved by the commission was workmen's compensation against which the lien for unemployment disability benefits should be allowed.

The final determinations whether an employe is en-

titled to workmen's compensation, the amount of such compensation and the period during which he is eligible therefor, must be made by the Industrial Accident Commission. In the Aetna case the commission had not made such determinations. This court (p. 605 of 38 Cal.2d.) directed that "if the parties, including Aetna [the unemployment insurance carrier which claimed a lien there], cannot work out an agreement which effects a settlement of Aetna's claim, then the Industrial Accident Commission should determine the period of disability for which the employe is entitled to compensation and allow the claimed lien for the amounts of unemployment disability benefits paid during that period."

As stated above, it is the position of the commission and the department that the lien claimant is not required to produce evidence on which the commission can find that "the employee is entitled to compensation." The department and the commission point out that there is great practical difficulty in requiring the department to produce evidence of the industrial nature of the employe's injury and the period of his disability at a time long after the alleged injury and disability, where the employe who has first hand knowledge of those matters and the insurance carrier who has immediate opportunity to investigate them decline to produce such evidence and instead elect to compromise. ■ Ordinarily, as the employe and the insurance carrier argue, the burden of proving every element of a claim is on the one who asserts it. But for practical reasons the burden of explanation or of going forward with the evidence is sometimes placed on a party-opponent who has information lacking to the one who asserts and seeks to establish a fact. Familiar examples of this procedural device are the doctrine of res ipsa loquitur (see, e.g., *Ybarra* v. *Spangard* (1944), 25 Cal.2d 486, 490 [154 P.2d 687, 162 A.L.R. 1258]; *Dierman* v. *Providence Hospital* (1947), 31 Cal.2d 290, 294 [188 P.2d 12]) and the use of special presumptions against a defendant in a criminal case where there is a rational connection between a fact proved by the prosecution and a presumed fact which can best be explained by the defendant (see, e.g., *People* v. *Scott* (1944), 24 Cal.2d 774, 779 [151 P.2d 517]).

■ Here, it appears from the employe's application for adjustment of claim for workmen's compensation that he claimed an industrial injury which resulted in his leaving work on June 16, 1950; it was agreed between the employe and the workmen's compensation insurance carrier that the

employe was away from work until November, 1950; the employe's claim was compromised for a substantial sum, which compromise was approved by the commission; and it was stipulated that the department paid unemployment disability benefits from June 27, 1950, to October 16, 1950. This is sufficient to show prima facie, as against the employe who made the claim and his employer's workmen's compensation insurance carrier, in the absence of evidence presumptively within their power to produce, that the department's payments were for a period when the employe was industrially disabled, and that a fund existed against which the lien could and should attach. If there was to be any further showing as to the nature and period of the disability it should have come from the employe or the insurance carrier.

For the reasons above stated the award is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., and Spence, J., concurred.

EDMONDS, J.—I concur in the judgment for the reason that the record shows a claim for an industrial injury alleged to have occurred prior to the period during which Garcia received unemployment compensation disability benefits and an approved compromise of that claim. In such circumstances, the Industrial Accident Commission properly might infer that the disability was work connected and determine that the Department of Employment had established a prima facie case for the amount of its claim.

CARTER, J.—I dissent.

I reiterate the views expressed in my dissents in *Bryant* v. *Industrial Acc. Com.*, 37 Cal.2d 215, 223 [231 P.2d 32], and *Aetna Life Ins. Co.* v. *Industrial Acc. Com.*, 38 Cal.2d 599, 605 [241 P.2d 530]. In the latter case the majority held that a lien for unemployment disability payments must be allowed against the sum a workman was to receive for an injury under a compromise with his employer's insurance carrier. The present case goes one step further and holds that the employee has the burden of proving that the compromised claim was not compensable under the workmen's compensation laws even though it is the payor of the disability payments who is asserting the lien, and for him to be entitled to it, the disability must have been compensable

under the workmen's compensation laws. This is squarely contrary to section 5705 of the Labor Code, dealing with workmen's compensation, which provides that: "The burden of proof rests upon the party holding the affirmative of the issue." (See, also, Code Civ. Proc., §§ 1981, 1869.) Hence the lien claimant had the burden of proving that the compromise payment was for an injury compensable under the workmen's compensation laws. To escape that proposition the majority reasons that the burden should be on the employee because he is better able to sustain it. While that may be true to some extent, the testimony of the employer and his employees and the data gathered as the result of any investigation made by the employer's insurance carrier are available equally to the lien claimant and the employee. It would seem to follow, therefore, that with reference to that source of evidence the employee is in no better position than the lien claimant. In any event it would seem that at least some burden rested upon the lien claimant to make a prima facie showing that the employee was in a position to produce evidence relating to the injury which was not available to the lien claimant. No such showing was made. In this state of the record, reliance by the majority upon the doctrine of res ipsa loquitur seems rather farfetched. In brief, we have here merely the assertion of a claim for workmen's compensation benefits by the employee, which claim was not pressed because of the compromise. We also have the assertion of a lien by the Department of Employment against the amount of the compromise. At this point the employee is claiming nothing with respect to compensation, but the majority says that the burden is on him to disprove that his injury was employment connected or a lien will attach. Of course, the majority would not hold that the mere assertion of a claim for workmen's compensation by an employee creates a presumption of its validity, as such holding would place an undue burden upon the employer and his insurance carrier. Yet the effect of the majority holding in the case at bar is to create such a presumption. But it is created for the purpose of defeating rather than supporting the claim of the employee. Thus a law which was designed to protect the interests of injured employees is construed to defeat their interests.

The majority also advances the specious argument that unless every claim of lien for disability benefits is allowed against awards for workmen's compensation the payment of

disability benefits will be delayed to the detriment of the injured employees. Why this result would obtain is not apparent. The statute defining who is entitled to disability benefits is clear (Deering's Gen. Laws, 1949 Supp., Act 8780d, §§ 201, 205, 206.1, 207, 208). The provisions for payment of such benefits are also clear (Deering's Gen. Laws, 1949 Supp., *supra,* Act 8780d, §§ 250-254). With respect to the purpose of the act, section 150 thereof provides: "The purpose of this article is to compensate in part for the wage loss sustained by individuals unemployed because of sickness or injury and to reduce to a minimum the suffering caused by unemployment resulting therefrom. *This article shall be construed liberally in aid of its declared purpose to mitigate the evils and burdens which fall on the unemployed and disabled worker and his family.*" (Emphasis added.) The majority would thwart this salutary purpose by suggesting to those responsible for the payment of unemployment compensation disability benefits that payment of such benefits be delayed in cases where workmen's compensation is also claimed by the employee until the validity of such claim is determined. In refutation of this argument I venture to suggest that if such a practice should be pursued by those responsible for the payment of such benefits, the Legislature would provide an appropriate penalty designed to correct such an evil. However, as I read the act, I can see no basis for the unwarranted suggestion contained in the majority opinion.

Because there is no evidence on which a valid lien could be imposed on the amount covered by the compromise, I would annul the award.

Petitioner's application for a rehearing was denied December 10, 1953. Carter, J., was of the opinion that the petition should be granted.