[Civ. No. 23695. Second Dist., Div. One. May 18, 1959.]

FIREMAN'S FUND INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and GEORGE L. RIES et al., Respondents.

[Civ. No. 23684. Second Dist., Div. One. May 18, 1959.]

FIREMAN'S FUND INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and EARL E. HUYCK et al., Respondents.

Herlihy & Herlihy and Richard C. Mallery for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

NOURSE, J. pro tem.*—In each of the above matters we have before us for review an award by the respondent commission by which petitioner, Fireman's Fund Indemnity Company, hereinafter called "Fireman's," was denied a lien for the full amount paid by it to the injured employee as unemployment insurance benefits.

The parties have stipulated that the judgment rendered in the matter first designated in the caption (in which Ries is the claimant) shall govern insofar as applicable, the decision in the second matter designated and that judgment shall be entered in that case accordingly.

GEORGE L. RIES, Claimant. 2nd Civil Number 23695.

The facts: Ries was an employee of the Madison Iron and Sheet Metal Company; respondent California Casualty Indemnity Exchange, hereinafter called "Indemnity Exchange,"

---

*Assigned by Chairman of Judicial Council.

was the compensation insurance carrier for that company. Petitioner, Fireman's, had issued a policy of insurance under a voluntary plan adopted by the employer and its employees pursuant to the provisions of the Unemployment Insurance Code (Div. 1, pt. 2, ch. 6).

Ries asserted a claim against his employer alleging that he had on December 3, 1956, while in the scope and course of his employment, sustained a disabling injury. Indemnity Exchange denied Ries' right to compensation on the ground that any disability from which he was suffering was not the result of an accident occurring in the scope and course of his employment. Ries' right to compensation being questioned, petitioner as the unemployment compensation carrier for Ries' employer paid to him the sum of $40 per week for the period commencing December 19, 1956, to and including June 19, 1957. During that period Ries was hospitalized for 11 days and petitioner paid to him an additional sum of $110 pursuant to the terms of its policy and section 2801 of the Unemployment Insurance Code which entitled Ries to the sum of $10 per day for each day not in excess of 12 days, during which he should be confined in the hospital during any disability benefit period. Ries was the beneficiary under a policy of group accident and health insurance issued by Occidental Life Insurance Company of California, hereinafter called "Occidental," to the union of which he was a member. Under this policy Occidental either paid directly or reimbursed applicant for payments made by him for medical care, these payments being in the sum of $573.14.

On March 27, 1957, Ries filed an application for hearing upon his claim for compensation. Thereafter both petitioner and Occidental gave notice of a claim of lien upon any award of compensation made to Ries. Petitioner's claim of lien was in the sum of $1,150 and Occidental's was in the sum of $573.14.

Issue having been joined, hearings upon Ries' application were had. Petitioner, through its counsel, participated in all the hearings.

Findings and award: After reopening the cause the referee found (1) that Ries had sustained an injury arising out of and occurring in the course of his employment (2) that this injury temporarily aggravated a preexisting physical impairment (3) that the injury had not caused any permanent disability but (4) had temporarily totally disabled the applicant for 23-5/7 weeks for which he was entitled to com-

pensation in the sum of $948.57 and had further partially disabled him for one week for which he was entitled to compensation in the sum of $23.15 making a total sum for which he was entitled to temporary disability of $971.72 (5) that Indemnity Exchange failed to furnish medical treatment after notice of need therefor and that applicant had incurred medical expenses and of the expenses so incurred $573.14 had been paid by Occidental and that it was entitled to a lien therefor (6) that petitioner had filed an amended claim of lien for unemployment compensation disability benefits reducing its claim to the sum of $850; that Fireman's lien should be reduced to $746.72 in order to provide funds for the payment of the fees of applicant's attorneys; that applicant's attorneys were entitled to a lien against the award in favor of Ries for temporary disability for the reasonable value of their services in the sum of $225.

Based upon these findings the referee awarded (1) the applicant $971.72 for temporary disability (2) of which amount it directed $746.72 be paid directly to petitioner in satisfaction of its lien and the sum of $225 paid directly to the attorneys for the claimant (3) the sum of $573.14 to applicant as reimbursement for self-procured medical treatment (4) that that amount be paid directly to Occidental and (5) the award denied Fireman's a lien for the hospital benefits paid by it.

Fireman's petitioned the commission for reconsideration of the findings and award of the referee. In this petition it asserted that it was entitled to have paid directly to it in satisfaction of its lien the full amount of the award for temporary disability; that it could not be compelled to prorate its claim with that of the attorneys for the claimant and that the findings and award of the referee did not in fact constitute a proration of the attorneys' fees but an imposition of the full amount of them upon Fireman's; it further asserted that it had not reduced its claim of the lien to $850 but that the letter written by it to the referee agreeing to reduce its claim to $850 was for the purpose of aiding Ries and Indemnity Exchange in arriving at a compromise but that said compromise had not been consummated; that it was entitled to have awarded to it the sum of $110, the hospital indemnity paid by it, as against the award to Ries for his self-incurred medical expense and that Occidental was not entitled to a lien for the payments made by it under its accident policy whether those payments were made to

applicant or directly to persons or institutions to whom applicant had incurred liability on account of medical and hospital care given him.

The commission denied Fireman's petition for reconsideration and affirmed the findings and award of the referee but in so doing refused to pass upon the question as to whether Fireman's had in fact reduced its claim of lien from $1,150 to $850 upon the grounds that that question was immaterial to its decision inasmuch as the lien of the attorneys was entitled to priority and as the amount awarded for disability compensation was less than the sum of the attorneys' fees awarded plus $850, with the result that irrespective of the amount for which it might be entitled to a lien it could in no event recover more than the amount awarded.

The questions presented here are: Where the total amount awarded as compensation for temporary disability is less than the sum of the amounts paid to the applicant as unemployment disability benefits and the amount awarded by the commission to the claimant's attorneys, does the commission have the power to give the lien for attorneys' fees priority over the lien for unemployment compensation benefits and reduce the award to the unemployment disability lien claimant?[1]

The second question: Is an insurer under a voluntary plan adopted under the Unemployment Insurance Code for the payment of disability benefits, entitled to a lien for the amounts paid by it as benefits on account of hospitalization of an employee?

The commission's power to determine and allow liens against awards of compensation is set forth in sections 4903 and 4904 of the Labor Code as amended in 1957.[2] Section 4903, so far as pertinent here reads: "The commission may determine, and allow as a lien against any amount to be paid as compensation:

---

[1]This question is common to both cases that are under consideration here, the remaining question is not.

[2]All of the payments made by Fireman's were made and its claim of lien was filed prior to the effective date of the amendments to these sections. The right to a lien was complete upon the filing of its lien. (Lab. Code, § 4904.) It was thus a vested right and the Legislature could not by amending the statutes deprive Fireman's of any amount to which it was entitled to reimbursement under its lien rights at the time the amendments became effective. (Cal. Const., art. I, §§ 13, 16.) Fireman's, however, did not raise the question of the constitutionality of the amendments before the commission and has in its briefs here asserted rights under the amendments; it has, therefore, waived its rights to question the constitutionality of the amendments as applied to its claim of lien.

"(a) A reasonable attorney's fee for legal services pertaining to any claim for compensation either before the commission or before any of the appellate courts, and the reasonable disbursements in connection therewith. . . .

"(f) The amount of unemployment compensation *disability benefits* which have been paid under or pursuant to the Unemployment Insurance Code in those cases where, pending a determination under Division 4 of this code, there was uncertainty whether such benefits were payable under the Unemployment Insurance Code or payable hereunder; provided, however, that any lien under this subdivision shall be allowed and paid as provided in Section 4904." (Emphasis added.)

Section 4904 so far as material provides: ". . . In determining the amount of lien to be allowed for unemployment compensation *disability benefits* under subdivision (f) of Section 4903 the commission *shall allow such lien* in the amount of benefits which it finds were paid for the same day or days of disability for which an award of compensation for temporary disability indemnity is made." (Emphasis added.)

These provisions of the Labor Code must be read in the light of the provisions of section 2629 of the Unemployment Insurance Code which provides in substance that a workman is not entitled to disability benefits for any period of unemployment pursuant to the provisions of the Unemployment Insurance Code if he is for said period and on account of such disability entitled to receive workmen's compensation benefits (Unempl. Ins. Code, § 2629).

The Supreme Court of this state in decisions construing the statutes in question has established the following principles which must govern us here: That a workman is not entitled to disability benefits under both the Workmen's Compensation and Unemployment Insurance Acts; that both statutes are remedial and that section 4903 of the Labor Code should be so applied as to induce prompt payments of disability benefits to an injured workman and to insure, to the entity making such payments, reimbursement for payments made by it if it eventually be found by the Industrial Accident Commission that the workman was entitled to temporary disability compensation duplicating the payments made under the Unemployment Insurance Act. (*Aetna Life Ins. Co.* v. *Industrial Acc. Com.*, 38 Cal.2d 599 [241 P.2d 530]; *Garcia* v. *Industrial Acc. Com.*, 41 Cal.2d 689 [263 P.2d 8]; *Bryant* v. *Industrial Acc. Com.*, 37 Cal.2d 215 [231 P.2d 32].)

It seems to us evident that the legislative purpose

of assuring the entity making voluntary payments of unemployment compensation benefits reimbursement will be defeated if it is charged with the contract liabilities of the workman to whom it has made advances and the amount awarded it is correspondingly diminished. That is exactly the result of the award here under attack. In the present case Fireman's paid to Ries disability benefits at the rate of $40 per week for a total of 26 weeks or a total of $1,040. These unemployment disability payments were made for the period commencing December 19, 1956, to and including June 19, 1957. The commission found that Ries' injuries arose out of and occurred in the course of his employment and that said injuries caused temporary disability for the period from December 4, 1956, to and including the 11th day of that month and for the period beginning December 19, 1956, to and including May 9, 1957, and again for the period beginning May 25, 1957, to and including June 9th of that year. It further found that he suffered temporary partial disability for the week beginning December 12, 1956, and by reason thereof suffered a wage loss of $23.15 and made him a total award for temporary disability, both permanent and partial of $971.72.

If we assume that Fireman's lien had not been reduced to the sum of $850 it was entitled to reimbursement in the sum of $908.53.[3] If, however, its claim of lien was reduced, then it would be entitled to be reimbursed in the sum of $850. The commission, however, awarded Fireman's only the sum of $746.72. It arrived at this amount by charging against the $971.72 awarded as compensation, the sum of $225 which it found to be the reasonable value of the services performed by applicant's attorneys. It thus charged Fireman's with $161.86 of the contractual obligation incurred by Ries for attorneys' fees.

Respondent commission contends that Fireman's received the benefit of the services performed by the attorneys employed by the claimant and that it, therefore, had a right to make the fees fixed by it a prior lien on the award for

---

[3]Under section 4904 of the Labor Code Fireman's was only entitled to reimbursement for the amounts paid out by it as unemployment disability benefits for the same weeks or days as claimant was awarded temporary disability benefits by the commission. It made payments to Ries during 2-2/7 weeks for which the commission made no award of disability compensation, but made no payment covering the first week of that disability.

disability benefits and thus cast the burden of them upon Fireman's. We see no merit in this contention. To uphold it would destroy the incentive of the entity charged with the payment of disability compensation insurance benefits to commence immediate payment of benefits and defeat the purpose of the statutory scheme.[4]

Ries was not entitled to receive both workmen's compensation benefits and unemployment disability benefits. Having received from Fireman's the total amount of the compensation to which he was entitled for the periods during which the commission found he was disabled, he no longer had any interest in prosecuting an application for temporary compensation and was under no compulsion so to do. If he desired to prosecute an application for compensation in order to obtain an award for permanent disability to which Fireman's lien would not attach (Lab. Code, § 4904) he was at liberty to employ an attorney to prosecute such an application on his behalf but could not contract for the payment of such fees by Fireman's. Fireman's was an interested party entitled to prosecute an application for an award to the applicant of temporary disability compensation to which its lien would attach and had the right to contract with its own attorneys so to do. (*Independence Indem. Co.* v. *Industrial Acc. Com.*, 2 Cal.2d 397 [41 P.2d 320]; Lab. Code, § 5501.) It did so contract and its attorneys participated in all of the hearings before the commission.

It is true that the commission has the right to fix the fees payable under any contract made by a claimant for compensation and to make such fees payable out of the award of compensation made to the applicant but it has no jurisdiction to determine the legality of a contract made (except insofar as the contract may attempt to fix the fee to be paid) or, by its award, to in effect obligate some other person than the claimant to pay the fees which it fixes as reasonable. (*Schilling* v. *Industrial Acc. Com.*, 47 Cal.App. 190 [190 P. 373].) We, therefore, hold that Fireman's was entitled to an award reimbursing it for the amounts paid by it on account of unemployment insurance benefits for the period during which the commission found that the applicant was entitled

---

[4]If Fireman's had not made the advances to Ries, Ries' net recovery in the proceedings before the commission would have been the sum of $746.72. Under the commission's award he retained the full amount of $971.72 awarded by the commission as temporary disability compensation.

to workmen's compensation benefits, not exceeding the amount of the lien claimed by it. We further hold that it was the duty of the commission in passing upon Fireman's petition for reconsideration to determine whether Fireman's had in fact reduced its lien as set forth in its claim of lien filed June 21, 1957, and the commission is directed to determine that question and to make its award accordingly.

 We are of the opinion that the commission correctly denied Fireman's a lien for the amounts paid by it as hospital benefits against the award to the claimant for self-incurred hospital and medical expenses.

Under section 4903, subdivision (f), the commission may only allow a lien for "unemployment compensation *disability benefits* which have been paid under or pursuant to the Unemployment Insurance Code." (Emphasis added.) Under section 4904 the amount of the lien so allowed is limited to the amount which the commission awards as compensation "for *temporary disability indemnity*" for the same period of time. (Emphasis added.) It is thus clear that the only payments made under the Unemployment Insurance Code for which a lien may be allowed are payments of disability benefits and that the lien allowed may only attach to an award, made to the claimant, of compensation for temporary disability indemnity.

 The Unemployment Insurance Code clearly distinguishes between the provisions for weekly disability benefits which are given to compensate for the loss of wages and the hospital benefits provided for by section 2801. The disability benefits are covered by chapter 2 of division 1, part 2, of that code and are defined in sections 2626 and 2627 of that code. The chapter is entitled "Disability Benefits." Hospital benefits are provided for by chapter 3 under the heading "Additional Benefits" and are payable despite any remuneration received from the employer. The distinction between the two classes of benefits is emphasized by the provisions of section 3251 of the Unemployment Insurance Code. Under this section in any voluntary plan adopted, any indemnification for loss of wages must be separately stated and designated "unemployment compensation disability benefits." It is difficult to see how the Legislature could have more clearly shown its intent that the hospital benefits provided for by section 2801 or by any voluntary plan were not disability benefits within the meaning of either the Labor Code or the Unemployment Insurance Code.

■ Inasmuch as Ries was, under the workmen's compensation provision of the Labor Code, entitled to be furnished the hospitalization for which he incurred liability, he was not, under the express provisions of section 2804 of the Unemployment Insurance Code, entitled to the benefits payable under section 2801 of that code.

We are not advised as to whether under the voluntary plan under which Fireman's was the indemnitor of the employer, Ries was entitled to these hospital benefits irrespective of his rights to compensation or whether that plan only gave him the benefits provided for by section 2801.

If the payments made to Ries were made pursuant to an obligation of the voluntary plan, they constituted payments of indemnity of the same nature as payments under a policy of disability insurance as such policies are defined by section 106 of the Insurance Code, and as such were the proceeds of an investment made by him. (*Anheuser-Busch* v. *Starley*, 28 Cal.2d 347, 349, 355 [170 P.2d 448, 166 A.L.R. 198] ; *Sayles* v. *Lofflane Bros. Co.*, 17 Cal. Comp. Cases, 103.)[5] If they were not made under an obligation so to do they constituted either a voluntary gift to Ries or a loan to him but in neither case did they constitute reasonable expenses incurred by Fireman's on behalf of Ries within the meaning of paragraph (b) of section 4903 of the Labor Code.

The liability for hospital care was incurred by the claimant and he satisfied that liability out of his own funds and it is immaterial whether the source of those funds was his savings, indemnity paid to him by some disability insurance carrier or by Fireman's either under its policy or as a gift or loan. Inasmuch as the statute does not authorize the commission to grant a lien to a person making such payments or advances the commission was without power to award a lien to Fireman's on account of such payments.

■ It was intimated at oral argument that Fireman's having paid indemnity was subrogated to the rights of the claimant Ries, and because of such subrogation was entitled to an award for the hospital indemnity paid by it. There is no merit in this contention even though it be assumed that the policy expressly provided for such subrogation. This is true for two reasons. In the first place, a claim for compensation

---

[5]It may be noted that an employee might procure a number of disability policies each of which would indemnify him in stated amounts against expenses incurred for hospital and medical care and he would be entitled to the indemnity provided for by each policy even though he might be fully reimbursed by the payments made by one insurer.

is not assignable. (Lab. Code, § 4900);[6] and in the second place, the commission being a tribunal of limited jurisdiction, it is without power to adjudicate the rights of the insurer and the employee under a contract not connected with the right of the employee to recover compensation, and is without power to enforce an insurer's subrogation rights. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 20 Cal.2d 264, 267-269 [125 P.2d 42].)

Fireman's asserts that the commission exceeded its powers in granting a lien to Occidental. While it may be true that Occidental was no more entitled to a lien than Fireman's, Fireman's is not affected by the award to Occidental and as the applicant does not complain thereof that award does not fall within the purview of this review.

EARL E. HUYCK, Claimant. 2nd Civil Number 23684.

In this matter the applicant Huyck left his employment on April 12, 1957, claiming a disability arising out of and in the scope of his employment. His employer's compensation carrier disputed his claim. Fireman's was the unemployment compensation disability insurance carrier of the employer and paid unemployment compensation disability insurance to Huyck, the claimant, for the period commencing April 18th and to and including September 4, 1957, at the rate of $40 per week, or a total sum of $794.29. The commission found that Huyck had not sustained any permanent disability but had sustained total temporary disability for the period beginning April 12, 1957, to and including September 4, 1957, and was entitled during said period to the sum of $40 per week or a total amount of temporary disability compensation of $834.29. It fixed the reasonable value for services rendered by Huyck's attorney at $150, ordered this amount paid directly to the attorney and the sum of $684.29 paid to Fireman's in satisfaction of its right to reimbursement. It thus charged to Fireman's $110 of the fees of plaintiff's attorney. This, for the reasons stated in the companion case, it was without power to do.

The award in case Number 23695 is annulled with directions to the commission to determine as a fact whether Fireman's did reduce its lien for disability compensation payments made to the claimant to the sum of $850 and to enter an award in favor of Fireman's in accordance with its findings as to the

---

[6]Subrogation is an equitable assignment. (*Offer* v. *Superior Court*, 194 Cal. 114 [228 P. 11].)

amount of that lien, without any reduction thereof because of attorney's fees fixed for claimant's attorneys, not exceeding, however, the sum of $908.58.

The award in proceeding Number 23684 is annulled with directions to the respondent commission to award Fireman's the sum of $794.29.

White, P. J., and Lillie, J., concurred.