[Civ. No. 30383. First Dist., Div. One. Nov. 20, 1972.]

BILLY L. MARTIN, Plaintiff and Appellant, v.
CALIFORNIA DEPARTMENT OF EMPLOYMENT et al.,
Defendants and Respondents.

**COUNSEL**

Rushing & Clark and Gerald A. W. Haight for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Donald B. Day, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**WEINBERGER, J.**\*—This is an appeal from a judgment denying the petition of appellant for a peremptory writ of mandate against respondents California Department of Employment et al. (now known as the Department of Human Resources Development, hereafter "Department").

\*Assigned by the Chairman of the Judicial Council.

The parties have filed an agreed statement establishing that appellant received a work connected injury for which he filed a workmen's compensation application and began receiving compensation payments of $70 per week commencing in May 1969. Benefits at that weekly amount continued for 10 months until appellant had received in excess of $2,210, whereupon he filed a claim in April 1970 for unemployment compensation disability insurance (UCD). Upon receiving the claim the Department computed the applicable benefit rate at $85 per week and the maximum total benefit amount at $2,210. The examiner of the Department denied the claim on the ground that petitioner had exhausted the maximum benefits payable to him for his benefit period. An appeal of the examiner's denial of benefits was taken and heard before a referee, who rendered a decision affirming the disqualification.

Petitioner then appealed the referee's decision to respondent California Unemployment Insurance Appeals Board. The board rejected petitioner's claim on the basis of California Unemployment Insurance Code sections 2629 and 2653.

Petitioner then sought a writ of mandate from the San Francisco County Superior Court to compel respondents to set aside their denial of benefits. A judgment was entered denying the request for a peremptory writ of mandamus and discharging the alternative writ which had been issued. This appeal is from that judgment.

Without the citation of any authority, and despite authority to the contrary, appellant has maintained, as he does in this appeal, that he is entitled to the maximum total UCD benefit of $2,210 in addition to workmen's compensation payments so long as these payments, on a daily or weekly basis, are less than the daily or weekly amount he might have received under UCD.

Section 2653 of the California Unemployment Insurance Code reads in relevant part: "The maximum amount of benefits payable to an individual during any one disability benefit period shall be 26 times his weekly benefit amount, . . ." The Department, having determined that appellant's weekly amount was $85, computed the maximum amount of benefits payable to appellant during the disability period resulting from his industrial injury to be $2,210, which is 26 times the weekly benefit amount. Section 2629 of the California Unemployment Insurance Code reads: "Except as provided in this section, an individual is not eligible for disability benefits for any day of unemployment and disability for which he has received, or is entitled to receive benefits, in the form of cash payments for temporary

disability indemnity, under a workmen's compensation law, or employer's liability law of this State, or of any other state, or of the Federal Government. If such cash payments are less than the amount he would otherwise receive as disability benefits under this part, he shall be entitled to receive for such day, if otherwise eligible, disability benefits, reduced by the amount of such cash payments. If, after receipt of, or determination of entitlement to receive, temporary disability benefits under a workmen's compensation law, a claim for unemployment compensation disability benefits is filed during the same continuous period of disability, because of a disability for which the workmen's compensation claim was made, the maximum amount of benefits payable hereunder during the disability benefit period thereby established shall be reduced by the amount of temporary disability benefits which the claimant received or has been determined to be entitled to receive under the Workmen's Compensation Law."

■ In *Bryant* v. *Industrial Acc. Com.* (1951) 37 Cal.2d 215 [231 P.2d 32], the California Supreme Court reviewed the legislative history of the predecessor statute to section 2629 and concluded, at page 219, that: "Section 207 clearly shows that the Legislature did not intend to permit recovery of both unemployment disability benefits and workmen's compensation for the same period of unemployment." (See also *Garcia* v. *Industrial Acc. Com.* (1953) 41 Cal.2d 689, 692 [263 P.2d 8]; *Dept. of Employment* v. *Ind. Acc. Com.* (1964) 227 Cal.App.2d 532, 541 [38 Cal. Rptr. 739]; *Fireman's Fund Indem. Co.* v. *Ind. Acc. Com.* (1959) 170 Cal. App.2d 412, 418 [339 P.2d 225].)

■ On the basis of these authorities it becomes apparent that appellant's claim that he was entitled to $2,210 in addition to workmen's compensation benefits is untenable. If he had filed for UCD benefits contemporaneously with his filing for workmen's compensation he would have been entitled, under the second sentence of section 2629, to no more than the difference between $85 and $70 for the 26 weeks required to reach a total benefit of $2,210, or a total of $390 ($15 per week times 26).

Having determined that a prompt filing for UCD benefits would have permitted the appellant to recover $390 from the Department, we come to a consideration of the effect of his failure to file for such benefits until after he had already received workmen's compensation benefits in excess of the maximum established by section 2653. The third sentence of section 2629, it will be noted, does not deal with the benefits to which one might become entitled on "any day," as do the first two sentences. The third sentence refers to the maximum benefits established under section 2653, and provides that such amount "shall be reduced by the

amount of temporary disability benefits which the claimant received. . . ." Since the appellant, at the time he filed his claim for UCD benefits, had received temporary workmen's compensation benefits in excess of the maximum amount he was entitled to collect under the Unemployment Insurance Code that maximum was reduced to zero. The fact that a late filer for UCD benefits is precluded from receiving the difference in payments to which a prompt filer is entitled is consistent with a stated purpose of the statute in question, which is to assure "the *prompt* cash assistance of a disabled workman." (Italics added; *Garcia* v. *Industrial Acc. Com., supra,* 41 Cal.2d 689, 693.)

The judgment is affirmed.

Molinari, P. J., and Elkington, J., concurred.